## Singer and Talcott Stone Co. v. Dillon B. Hutchinson and William W. Post, for the use of, etc.

1. REAL ESTATE BROKER—*Not Entitled to Commissions—Abandonment.*—Where a real estate broker ceases his endeavors to find a purchaser, the owner is justified in treating his conduct as an abandonment of all effort to sell the property. He is not entitled to commissions on the property when sold by another agent.

2. FINDINGS OF FACT—*Where the Rule Does Not Apply.*—The rule that the finding of the court below, upon a question of fact, is generally binding upon the Appellate Court, does not apply to a case of a failure to draw the proper inference from undisputed facts.

Assumpsit, for commissions. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL SEARS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

IRA W. & C. C. BUELL, attorneys for appellant.

BARNUM, HUMPHREY & BARNUM, and T. A. MORAN, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Two hundred and fifty pages of abstracts and briefs have

somewhat concealed what we regard as the controlling feature of this case.

Edward T. Singer was president, and Walter Singer was treasurer of the appellant, a corporation.

The appellees were partners as real estate brokers. About January 10, 1892, such conversation occurred between Edward T. Singer and Post, as amounted to a retainer or employment of the latter to find, if he could, a purchaser of real property of the appellant; compensation dependent upon success. That retainer or employment was accompanied by the information that other brokers were engaged in a like search, and that no broker should have an exclusive agency.

During March and April, 1892, Post made efforts to find a purchaser, and did a good deal of work in endeavoring to induce two gentlemen named Chapin, residing in Niles, Michigan, to purchase. Post informed the Singers of the work he did, the hopes he had, and the names of the parties.

All this happened before the first of May, and until September 20th, the absence from town of some of the persons whose presence was necessary to a continuance of the negotiations, may account for the inactivity of Post during that period; but on the 20th day of September, that impediment was at an end. December 15th, the appellant executed a contract to sell the property to one of the Chapins, negotiations having been commenced in the latter part of September by one Davis with the appellant, with reference to an unnamed purchaser. The appellant had no notice who that purchaser was, or was to be, until two or three days before executing the contract. He was a dark horse.

From April not a lisp had been heard from Post, and in fact, after April he never took a step about the business; unless going three or four times in May to an office occupied by a representative of Chapin, and finding that representative not in, is to be so regarded.

January 5, 1893, the deed from the appellant to Chapin was recorded, and then for the first time apparently, after

April, 1892, Post took an interest in the business; then he wanted commissions.

Whatever criticisms may be made upon other persons connected with the business, there is no room for a question that up to December 10th, or later, the appellant had no notice that the proposed purchaser was Chapin, and never, while the business was going on, had any notice that anything that Post had ever done, had any influence upon the result. Now, upon such facts, the appellant is not liable to pay Post any commissions. It was justified in treating his conduct as an abandonment of all effort to sell the property.

The fact that the appellant paid a large sum for commissions on that sale is unimportant, except as showing that the appellant, acting upon appearances resulting from the conduct of Post, would suffer a great injustice in being compelled to pay him also.

It is impossible to review the cases cited in briefs. We regard the principle of Carleson v. Nathan, 43 Ill. App. 364, as so far, at least, applicable to this case, that the conduct of Post warranted the belief by the appellant that Post had abandoned the business. If it, in good faith, acted upon a belief which his conduct warranted, that ends his claim.

This is not a case to which the rule applies, that the finding below on a question of fact is generally binding upon this court.

It is not a case of conflicting evidence, but of the proper inference from undisputed facts.

It becomes unnecessary to consider many questions presented relating to the regularity of the proceedings below.

The judgment is reversed and the cause remanded.