THE SINGER & TALCOTT STONE COMPANY

*v.*

DILLON B. HUTCHINSON *et al.*

*Opinion filed October 24, 1898.*

1. CORPORATIONS—*general rule as to effect of dissolution on right to bring suit.* The corporate capacity of a corporation to sue ceases on dissolution, except as continued by statute or as its name may be used in an equitable proceeding for the purpose of distributing its assets as a trust fund.

2. SAME—*section 12 of Corporation act construed.* Section 12 of the Corporation act, (Rev. Stat. 1874, p. 288,) providing that dissolution shall not impair any remedy against the corporation for a liability incurred prior to dissolution, continues the life of the corporation as an entity, for the purpose of being sued, without limitation as to time except as provided in the general Limitation act.

3. SAME—*corporation may bring writ of error more than two years after dissolution.* A corporation against which a judgment has been rendered, after dissolution, on a liability incurred prior thereto, may, by virtue of its general rights *as a party*, sue out a writ of error to reverse the judgment at any time within the general limitation of section 86 of the Practice act, although the two years allowed by statute for bringing suits after dissolution have expired.

4. APPEALS AND ERRORS—*writ of error begins a new suit.* A writ of error is the commencement of a new suit.

*Singer & Talcott Stone Co.* v. *Hutchinson,* 72 Ill. App. 366, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

IRA W. & C. C. BUELL, and A. B. JENKS, for plaintiff in error:

We contend that if plaintiff "had a corporate capacity to be sued and to defend" by force of the statute, it also had a corporate capacity to sue, and hence the plea of *nul tiel corporation* is not a bar or complete defense to a suit by a corporation, commenced after its charter has expired.

If the adjudication of the trial court in entering the judgment did not necessarily determine that the plaintiff was a corporation *de jure*, it did adjudge it to be a corporation *de facto*, or a corporation having such an existence as enables it to be sued, and hence, as we claim, "capable of prosecuting and defending all suits at law or in equity" until barred by the Statute of Limitations. It is certainly erroneous to hold that a plea of *nul tiel corporation* is a bar to a writ of error sued out by a corporation to reverse a judgment alleged to be erroneously recovered against such corporation.

A party should not be held to be alive for one purpose and not for another. He should not be held to be alive for the purpose of being sued and not alive for the purpose of bringing suit or suing out a writ of error, which is in the nature of a defense to the action.

T. A. MORAN, and BARNUM, HUMPHREY & BARNUM, for defendants in error:

If a corporation is absolutely extinct, so as to be pronounced civilly dead, on what principle can this writ of error be maintained? It is a familiar doctrine that the suing out of a writ of error is the commencement of a new suit, and assuming the circuit court erred in not abating the suit and that the error may be corrected upon a writ of error *coram nobis*, then this writ of error should have been prosecuted in the name of the receiver, as the legal successor of the corporation. Upon the hypothesis just stated there is no more propriety in suing out the present

writ of error in the name of the defunct corporation than there would be in an heir or an executor suing out a writ of error in the name of a deceased ancestor or testator to reverse a judgment entered against him in his lifetime, and it will be admitted such a writ could not be maintained. By the law of this State no suit can be maintained in the name of a dead person where the objection is taken in apt time or the fact appears of record, and it is clear the law in this respect cannot be changed or suspended by the decree of any court, foreign or domestic. It follows, therefore, that this writ of error should be dismissed. *Life Association of America* v. *Fassett,* 102 Ill. 329.

A writ of error is the commencement of a new suit. *International Bank* v. *Jenkins,* 107 Ill. 293; *Ripley* v. *Morris,* 2 Gilm. 382; *McIntyre* v. *Sholty,* 139 Ill. 179; *Hickman* v. *Haines,* 5 Gilm. 20; *Smith* v. *Robinson,* 11 Ill. 119; *Roberts* v. *Fahs,* 32 id. 474.

Where a corporation ceases to exist by efflux of time it can neither sue nor be sued. *State Ins. Co.* v. *Bank,* 68 Ill. 350.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The plaintiff in error was incorporated April 20, 1872. Its charter expired April 20, 1892. The defendants in error brought suit against it January 21, 1893, and obtained judgment at the July term, 1895. The case was taken by appeal to the Appellate Court, (61 Ill. App. 308,) where it was reversed and the cause remanded on the merits. At the June term, 1897, of the circuit court the cause was again tried, and again defendants in error obtained judgment, from which orders for appeal were taken by plaintiff in error but not perfected. On September 8, 1897, plaintiff sued out a writ of error to remove the record to the Appellate Court, in which court defendants in error filed a plea of *nul tiel corporation,* to which a demurrer was interposed, overruled and the writ of error dismissed,

on the ground that the suing out of a writ of error was the commencement of a new suit, which, owing to the expiration of its charter, and of the two years thereafter provided by section 10 of chapter 32 of the Revised Statutes for the closing up of its business, that court held it could not bring. The plaintiff then prosecuted this writ of error, and on filing the record in this court a plea of *nul tiel corporation* was again interposed, which was stricken from the files, and thereafter a motion was made to reinstate it. The legality of that plea as a defense, on the above facts of record, is presented for our consideration.

The plaintiff in error contends that, it having been sued and judgment having been rendered against it as a corporation, the defendants in error are now estopped from setting up the defense stated in the plea; while the position of defendants in error is, that the two years given plaintiff in error by the statute for the purpose of bringing suit, etc., to close up its business, beyond the limitation of its charter, having expired, this new suit by writ of error cannot be maintained,—in other words, that its corporate capacity to sue had ceased April 20, 1894.

It is the established law of this State, as evidenced by a long line of decisions, that the suing out of a writ of error is the beginning of a new suit. (*Ripley* v. *Morris*, 2 Gilm. 381; *International Bank* v. *Jenkins*, 107 Ill. 291.) The law is, that the corporate capacity of a corporation to sue ceases on dissolution, except as such capacity is continued by statute, or its name is used in an equitable proceeding for the purpose of distributing its assets as a trust fund. *Life Association of America* v. *Fassett*, 102 Ill. 315.

The charter, or corporate existence of this corporation, having expired April 20, 1892, section 10 of chapter 32, on corporations, provides that it and like corporations "shall continue their corporate capacity during the term of two years, for the sole purpose, only, of collecting the debts due to said corporation and selling and conveying the property and effects thereof." Section 11 provides

that the corporate name may be used for such purpose, and that they shall be capable of prosecuting and defending all suits at law or equity, arising, as evidently intended, out of the execution of such sole purpose of collecting debts and selling and conveying the property and estate thereof. Section 12 is as follows: "The dissolution, for any cause whatever, of any corporation created as aforesaid, shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution."

Much stress is placed upon these sections in this case. It is evident that sections 10 and 11 were enacted for the benefit of the corporation but fixing a limitation on the time of its continued existence for the sole purposes expressed, while section 12 was enacted for the benefit of those whose rights had accrued against the corporation previous to its dissolution, without any limitation as to time other than the general Statute of Limitations applicable to the remedy itself sought to be applied, or as to subject matter other than that the remedy must be limited to liabilities incurred previous to its dissolution. While the corporate capacity of this corporation was continued for two years after the expiration of its charter, or until April 10, 1894, in order *to bring suits* for the purpose aforesaid, its corporate capacity *to be sued* as a party defendant, for liabilities which accrued before its dissolution, was continued without limitation as to time, and therefore the general Statute of Limitations, only, would apply. Hence an action at law would lie against said corporation at any time within such general Statute of Limitations for a liability created before its dissolution, if brought before equity had obtained jurisdiction. These sections, therefore, continued its life, for the respective periods stated, as an entity, so that it could sue or be sued *as a party* to the action, and therefore its rights, *as such party*, are conserved the same as the rights of other parties to actions,

not only by the constitution, but by sections 67 and 90 of the Practice act, which provide *that a party* to an action may prosecute a writ of error, or, as expressed in section 90, "*any party* to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error." Clearly, this corporation was a party to the cause and came within the provisions of this law. It is conceded the corporation would have had the right to *appeal* from the judgment, because, as stated, the appeal would have been a continuation of the same suit. But the constitution and the statute grant the right to remove the record to "any party to such cause" by writ of error as well as by appeal. For this purpose the entity of this corporation, as a party to the cause, continued after the judgment was rendered as well as before. A writ of error is a writ of right, both by the common law and our statute, as to any one who is a party to the record or who is shown by the record to be prejudiced by the judgment. (*McIntyre* v. *Sholty*, 139 Ill. 171.) This corporation was kept alive for the purpose of being made such a party to the original action, and, being so alive for such purpose, is preserved by the Practice act with authority to prosecute an appeal or a writ of error.

This holding is in harmony with the prior decisions of this court that a writ of error is a new suit. In the *Fassett case, supra,* the corporation had been dissolved by decree and a receiver appointed, who would necessarily, therefore, have had to represent the corporation in any suits it might bring. The defense there set up was that the corporation was extinct by decree of court, which if true, as the court states, the writ of error should have been dismissed.

The Appellate Court for the First District erred in dismissing the writ of error. The judgment of that court will be reversed and the cause remanded to that court, with directions to consider the errors assigned.

*Reversed and remanded.*