100    APPELLATE COURTS OF ILLINOIS.

Graham & Morton Transportation Co. v. Owens, 165 Ill. App. 100.

## Graham & Morton Transportation Company, Appellant, v. Ira J. Owens, Appellee.

### Gen. No. 15,752.

CORPORATIONS—*power to maintain action after dissolution.* A corporation has power to prosecute to final judgment after the expiration of its charter a suit instituted by it before its charter had expired.

Trover. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed. Opinion filed October 20, 1911.

KREMER & GREENFIELD, for appellant.

ARTHUR HUMPHREY, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Appellant, Graham & Morton Transportation Company, brought an action in trover in the Circuit Court of Cook county against Ira J. Owens, appellee, to recover the value of a quantity of sugar stolen from its warehouse, which it was claimed was delivered to Owens, and sold by him at retail in his grocery store. The suit was begun September 26, 1903, and a declaration filed October 9, 1903.

At the times referred to in the declaration, the Transportation Company was engaged in the business of lake transportation, and late in 1900 brought to Chicago from Bay City, Michigan, and unloaded into its warehouse at its Chicago dock, a large quantity of sugar, for Arbuckle Brothers. This sugar was delivered from its warehouse, from time to time, through the winter, upon the written orders of Arbuckle Brothers. When the Transportation Company checked up its deliveries with the amounts received and placed in its warehouse in the fall, a shortage of 174 barrels was discovered. Upon investigation, it was

found that this sugar had been stolen and taken out of its warehouse by two of its employes, and it claimed that this sugar, thus stolen, was sold to appellee, Owens, by one William Fonger, a friend, and, for many years previously, an employe of his.

On March 6, 1909, the declaration was amended, showing that appellant was incorporated under the laws of Illinois. Two days later, appellee filed three special pleas, the third of which averred that the final certificate of incorporation of the Transportation Company was issued by the Secretary of State on February 20th, 1880; and that, in and by its terms, its life was limited to a period of twenty-five years from and after February 20, 1880, at which last mentioned date the life of the corporation expired. The plea further averred that under and by virtue of the laws of the State of Illinois, the corporate existence of said pretended corporation was extended for the term of two years from and after the expiration of its charter rights, "for the purpose only of collecting the debts due said pretended corporation, and selling and conveying the effects thereof, and that said additional two years for said purpose expired February 20, 1907."

To this plea, appellant filed a general demurrer, which, upon argument, the court overruled, holding the plea good, and was about to enter judgment in favor of defendant, when it was agreed between the counsel for the respective parties, that, notwithstanding the court's ruling upon the demurrer, the court should hear the proofs of the parties before entering final judgment, in order that, if this court should hold that the court below was in error in sustaining the plea, it might here enter judgment upon the evidence heard in the court below. Thereupon the cause was submitted to the court for trial without a jury, and the court, after hearing the evidence, and passing upon the propositions of law submitted to it, entered judgment upon the demurrer and for costs in favor of appellee.

Six propositions of law were submitted to the court, of which it held all but the third and the sixth, which it marked "Refused", and which are as follows:

"3.   The court holds as a proposition of law that the plaintiffs are entitled to recover in this case for all sugar stolen from their warehouse while the same was in storage in said warehouse and in their possession, at the full market value thereof at the time the same was stolen and which came into the possession of the defendant whether the same was purchased by him in good faith or not."

"6.   The court holds as a proposition of law that a suit properly instituted by a corporation before the expiration of its charter by its terms, and while such charter is in full force and effect, does not abate upon the expiration of its charter or at the expiration of a period of two years thereafter; but such corporation may prosecute such suit to a final conclusion in its own name, whether the same be in form an action in *assumpsit*, based on contract, or an action in trover to recover the value of property stolen."

The action of the court in overruling the demurrer of appellant, and in refusing to hold the third and sixth propositions of law, are before us for review, as is also the testimony of the witnesses in the event that we shall hold that the court below erred in sustaining the demurrer, and in refusing to hold as the law the third and sixth propositions submitted.

We have thus presented for our consideration specifically this question: Has a corporation, in this state, the power to prosecute to final judgment, after the expiration of its charter, a suit instituted by it before its charter had expired?

We have considered the comprehensive brief and argument of appellee, in which there is cited and discussed a large number of authorities, to the effect that a corporation, after the expiration of its charter, has no right to proceed further, even in a suit instituted by it before its charter had expired.

Decisions of our own Supreme Court settled the law in this state adversely to the contention of ap-

pellee.    Commercial Loan & Trust Company v. Mallers, 242 Ill. 50-53; Singer & Talcott Stone Company v. Hutchinson, 176 Ill. 48; and Life Association of America v. Fassett, 102 Ill. 315.

These adjudications being binding upon us, leave us no alternative, for, under them, it is clear that the court below erred in its ruling upon the demurrer and the refused propositions of law.

In the Fassett case, *supra,* the court declared it to be "a part of a settled policy of this State, that, upon the dissolution of a corporation, no matter how the dissolution may be effected, the corporation will be regarded as still existing for the purpose of settling up its affairs.    In this case, the suit was commenced while the defendant in error was a going corporation, and we see no reason why it should not be permitted to prosecute its suit to final judgment, for the purpose of collecting its assets and settling up its affairs, even though it went into voluntary liquidation pending the litigation."

In Singer & Talcott Stone Company v. Hutchinson, *supra,* the Supreme Court held that a writ of error (which is concededly a new suit), might be sued out by a corporation to review a judgment rendered against it, notwithstanding the fact that at the time the writ was applied for, more than two years had elapsed after the dissolution of the corporation.

Commercial Loan & Trust Company v. Mallers, *supra,* was a suit brought by the Trust Company in the Circuit Court of Cook county against Mallers, upon a promissory note, a judgment being entered in the court below in favor of the defendant, was appealed from, and this court reversed that judgment, without remanding, and entered a judgment here in favor of plaintiff below.    The judgment of this court was subsequently affirmed by the Supreme Court, and thereupon an execution was issued by the Clerk of the Appellate Court for the amount of the judgment.    The suit was brought in 1895.    In 1898 (about three years

after the suit had been begun), the Trust Company went into voluntary liquidation, but the final judgment was not rendered until 1908. When execution was issued, Mallers appeared in the Appellate Court, with a motion to quash the execution upon the grounds that the Trust Company had no legal capacity at that time to sue out an execution, because of its having gone into voluntary liquidation about ten years previously. The motion was denied by the Appellate Court, and this action was affirmed by the Supreme Court. This case had not been decided when the learned trial judge heard and disposed of the case at bar.

As to the merits of the case at bar, six witnesses testified in behalf of appellant, but appellee did not submit any testimony. After a careful consideration of the testimony, which is before us by the agreement of the parties, we think it fully justifies a finding against the defendant for $1263.97, with interest at five per cent. from April 11, 1901, making a total of $1933.77.

We cannot doubt from the testimony in the record that Owens, appellee, knew that the sugar he was getting from Fonger, was stolen, and while it is true, that the evidence in behalf of appellant is somewhat lacking in that definiteness which might be desired, yet, as the defendant produced no testimony, we are bound by the testimony offered in behalf of the appellant, together with all reasonable inferences to be drawn therefrom.

Thus applying the testimony, we are forced to the conclusion that appellant is entitled to a judgment for at least the amount above stated. The judgment of the court below will be reversed and judgment entered here in favor of appellant, for $1933.77, with a finding of fact.

*Judgment reversed and judgment entered here in favor of Appellant.*