## No. 9287.

### WELSH ET AL. *v.* STEINBAUGH.

1. CORPORATIONS—*Dissolution—Effect.*  A judgment rendered against a dissolved corporation, upon a cause of action arising before dissolution, is valid.

2. —— *Trustees at Dissolution—Duty and Liability.*  The statute authorizing a corporation whose charter has expired by limitation to renew the same within one year (Rev. Stat. secs. 891, 892) does not require the trustees holding office at the date of expiration of the charter to postpone action as trustees, under Rev. Stat. secs. 894.  They may proceed at once to convert the corporate property into money, discharge its debts, and distribute the residue among the stockholders.

Trustees having conveyed all the properties of the deceased corporation to another, receiving only the stock of the latter, were liable at law to a corporate creditor.

The creditor was not under duty to proceed in equity against the new corporation.

*Error to Boulder District Court, Hon. Neil F. Graham, Judge.*

Mr. WILLIAM H. DICKSON, Mr. H. E. LUTHE, for plaintiffs in error.

Mr. EDWARD AFFOLTER, Mr. F. G. FOLSOM, for defendant in error.

Chief Justice White delivered the opinion of the court:

THE charter of The Louisville Coal Mining Company, a Colorado corporation, expired by limitation on March 13, 1913, at which time the plaintiffs in error constituted its board of directors.  Prior thereto Steinbaugh, the defendant in error here, had instituted a suit in the District Court of Boulder County against that corporation, in which judgment in his favor was rendered on December 17, 1914.  It is this judgment that forms the basis of the case now before us.  On October 15, 1913, the plaintiffs in error here, as "the board of directors of The Louisville Coal Mining Company and trustees of its creditors and stockholders," sold and conveyed all the property of that corporation to

The Lucifer Coal Mining Company, a Wyoming corporation, and about the same time, as "trustees," executed another instrument of conveyance of the same property to the same grantee. The consideration expressed in each conveyance was "Ten dollars and other good and valuable consideration." The property so conveyed was worth approximately $100,000. Some debts of the dissolved corporation were paid, but not that here involved, though there was sufficient property to produce funds for that purpose. The real consideration for the transfer of the property by the trustees to The Lucifer Coal Mining Company was substantially its entire capital stock, consisting of 130,000 shares of the par value of one dollar per share, together with a like amount of the bonds of such company, all of which was received and distributed by plaintiffs in error, Welsh and Loveland, to the stockholders of The Louisville Coal Mining Company in proportion to their stock therein. Steinbaugh's judgment, remaining unpaid, he prosecuted an action against the plaintiffs in error, as individuals, and as trustees under the statute of the dissolved corporation, and recovered the judgment here involved.

Plaintiffs in error claim that: (1) The judgment of Steinbaugh against The Louisville Coal Mining Company, rendered after the expiration of that corporation's charter, is void; (2) the plaintiffs in error had not become invested with the title to the property of the dissolved corporation at the time they executed the instruments of conveyance thereof to The Lucifer Coal Mining Company; and that, therefore, this company holds such property in trust for the creditors and stockholders of the dissolved corporation, and that the sole remedy of its creditors is by proceeding in equity.

1. The cause of action, resulting in the judgment of Steinbaugh against The Louisville Coal Mining Company, arose prior to the dissolution of that corporation and is, therefore, valid. *The Lucifer Coal Mining Co. v. Buster et al.*, decided at this term of court, 64 Colo. 179, 171 Pac. 61.

2. The alleged invalidity of the sale to the Wyoming company is upon the assumption that as the statute, §§891, 892, Rev. Stat. 1908, authorizes a corporation, under certain conditions, to renew its charter at any time within one year after the expiration thereof, plaintiffs in error had no title to the property or power in the premises until the expiration of such period. The contention is unsound. Upon dissolution by expiration of its charter, plaintiffs in error were, under the facts of this case, invested with the property and possessed of full power to sell and dispose of the same and to settle the affairs of the Louisville Coal Mining Company. §§894, 897, Rev. Stat. 1908. There was nothing which, expressly or impliedly, required the trustees to postpone their action in the premises. Whether, under the peculiar facts of this case, the property could be followed into the hands of The Lucifer Coal Mining Company and impressed with a trust in favor of the creditors of the dissolved corporation, is unnecessary to determine. We are very certain that defendant in error was not required to resort to an action of that character, but had the right to proceed against plaintiffs in error as he did. §894, *supra*. The judgment is affirmed.

Judgment affirmed.

Decision *en banc*.

Decided January 7, A. D. 1918. Rehearing denied March 4, A. D. 1918.