### No. 9309.

### LUCIFER COAL COMPANY *v.* BUSTER ET AL.

1. CORPORATIONS—*Dissolution—Effect.* Under Rev. Stat. sec. 899 an action may be maintained against a dissolved corporation, upon a cause of action arising before dissolution, and judgment may go against it, notwithstanding the provisions Rev. Stat. sec. 894.
   The expressions of the opinion in Kipp v. Miller, 47 Colo. 598, upon this matter are not *dictum.*
2. —— *Stock—How Transferred.* The stockholders' mere bill of sale of the stock does not pass title thereto as against a subsequent attaching creditor.

*Error to Boulder District Court, Hon. Robt. G. Strong, Judge.*

Mr. WILLIAM H. DICKSON, Mr. H. E. LUTHE, for plaintiff in error.

Messrs RINN & ARCHIBALD, Mr. O. A. JOHNSON, for defendants in error.

Chief Justice White delivered the opinion of the court:

A temporary injunction, upon application of plaintiff in error, was issued against Buster, as sheriff of Boulder county, and Powers, defendants in error, to prevent the sale of certain shares of the capital stock of the Davidson Ditch Company, which had been levied upon by the sheriff under an execution issued upon a judgment of the District Court in favor of Powers and against the Louisville Coal Mining Company, a Colorado corporation. A demurrer to the complaint was sustained, and plaintiff declining to plead further, the action was dismissed. It is alleged in the complaint that the judgment upon which the execution is based was entered January 6, 1915, and that the charter of the judgment debtor therein, the Louisville Coal Mining Company, had expired by limitation on March 13, 1913. By virtue of these facts, it is claimed that the judgment is void and the execution a nullity, notwithstanding the complaint fails to disclose the date of the commencement of the suit the judgment was rendered or when such cause of action arose. Courts assume that judgments of the character of the one here in question are valid until the contrary appears. But, apart from this, it is conceded by the respective parties that the cause of action arose, and the suit was instituted, in 1912, which was prior to the dissolution of the corporation. It has been held that, by virtue of the statute, §899 Rev. Stat. 1908, an action may be maintained against a corporation after its dissolution where the cause of action arose prior thereto. *Kipp v. Miller*, 47 Colo. 598, 108 Pac. 164, 135 Am. St. 236; *Steinhauer v. Colmar*, 11 Colo. App. 494, 500, 55 Pac. 291.

Plaintiff in error, however, claims that the statute does not authorize the conclusion, and that the statements to that effect in the cases cited, *supra,* are *obiter.* We are unable to concur in this view. The point was clearly presented in each case, urged and relied upon in the argument, and passed upon in the opinion. *Newman v. Kay,* 57 W. Va. 98, 49 S. E. 1126, 68 L. R. A. 908, 4 Ann Cas. 39.

It is claimed, however, that as the trustees of a corporation, whose charter has expired, are invested with the title to its property, and charged by law with the administration thereof, a judgment pronounced in an action against such corporation is contrary to the accepted ideas of legal procedure, as it would affect the rights of *bona fide* creditors, without giving them an opportunity to be heard. We are unable to concur in this view. While the existence of corporations, with certain exceptions, may not exceed twenty years, and the term of existence of each must be specified in its certificate of incorporation, §847 Rev. Stat. 1908, other sections, 891, 899, of the statute extend, in substantial effect, such corporate entities for particular purposes. Thus the section in question, in effect, continued the corporate capacity of the Louisville Coal Mining Company *to be sued* for liabilities which accrued before its dissolution. *Singer & Talcott Stone Co. v. Hutchinson et al.,* 176 Ill. 48, 52, 51 N. E. 622. Therefore, its rights as a party to a suit, and of those claiming under it, are the same as the rights of other parties to actions, and there is nothing in the case inconsistent with due process of law.

It is further contended that, notwithstanding the validity of the judgment, the contemplated sale should be enjoined upon the ground that plaintiff in error is the owner of the stock. The claim of ownership is based upon the following facts; subsequent to the expiration of the charter of the Louisville Coal Mining Company, it purported to execute, in its corporate capacity, a bill of sale of the stock to the plaintiff in error, but did not assign or deliver the certificate, as the same had been lost or misplaced. December 30, 1913, plaintiff in error presented the alleged bill of sale

to the Davidson Ditch Company in order that the books of such company "should show the sale, transfer and assignment * * *." The return to the levy of the execution recites that a new certificate was not issued because the plaintiff in error failed to furnish, as requested, a satisfactory indemnifying bond, and that the Louisville Coal Mining Company was then the "record owner and holder" of the stock. The transaction did not constitute a sale of the stock to plaintiff in error as against an attaching creditor. §870 Rev. Stat. 1908; *Central Savings Bank v. Smith,* 43 Colo. 90, 95 Pac. 307; *Farmers' Pawnee Canal Co. v. Henderson,* 46 Colo. 37, 102 Pac. 1063.

The trial court did not abuse its discretion in the premises, and the judgment is affirmed.

Judgment affirmed.

Decision *en banc.*

Decided January 7, A. D. 1918. Rehearing denied March 4, A. D. 1918.