## EWEN *v.* AMERICAN FIDELITY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 92. Argued March 1, 1923.—Decided March 12, 1923.

A surety company organized under Illinois Rev. Stats., 1917, c. 32, § 102f, *et seq.*, is thereby expressly made subject to the Act of April 18, 1872, governing corporations for pecuniary profit, and under § 12 of that act, its dissolution does not take away or impair any remedy given against the corporation for liabilities incurred previously to its dissolution. P. 324.

*Held*, therefore, that a New York attachment suit against an Illinois surety company did not fall by reason of the company's dissolution in proceedings in Illinois and lapse of time, claimed to have extinguished the corporation for all purposes.

271 Fed. 848, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a judgment for the respondent in an action brought against it as surety on an undertaking in attachment.

Mr. *William R. Wilder,* with whom Mr. *Henry E. Davis* and Mr. *John Ewen* were on the briefs, for petitioner.

*Mr. Joseph M. Proskauer,* with whom *Mr. Abram I. Elkus* and *Mr. Wesley S. Sawyer* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action upon an undertaking to pay the amount of any judgment that might be recovered by one Mackey in a suit against the Illinois Surety Company, not exceeding $7,500 and interest, the contract being made by the present defendant in order to dissolve an attach-ment in that suit. That suit was begun in May, 1915, in New York. Mackey recovered a judgment for a much larger sum on June 21, 1919, and assigned the same and this undertaking to the present plaintiff. The defence is that the Illinois Surety Company, an Illinois corpora-tion, had ceased to exist before the judgment was re-covered, and that the judgment against it was void. On this ground judgment was given for the defendant in the District Court and the judgment was affirmed by the Circuit Court of Appeals.

On April 19, 1916, a majority of the stockholders of the Surety Company filed a bill in Illinois alleging that the Company was insolvent and praying that it be restrained from further prosecution of its business, that a receiver be appointed and that upon final hearing a decree might be entered dissolving the Company and providing for the distribution of its assets. The answer of the Company was filed with the bill. It admitted the allegations and submitted to the jurisdiction of the Court. On the same day an order was entered "without bond from the com-plainants and until the further order of the court" restraining the Company from further prosecution of its business. Later on the same day another decree ap-pointed a receiver to collect the property, with power to institute and to defend suits and to apply to the Court for

further orders concerning the collection and distribution of the assets and the closing of the Company's concerns for which purposes jurisdiction was retained until final hearing and settlement of all unfinished business of the Company and the receivership. The receiver continued to defend the above mentioned suit in New York until about April 28, 1919, when the counsel for the Company notified the plaintiff that they no longer were authorized to appear for it; the ground of the notice being an order of the Court in Illinois that the receiver should discontinue the defence and notify the plaintiff Mackey to file his claim in that proceeding. (This order imposed no personal obligation on Mackey as he was not within the jurisdiction of the Illinois Court.) Thereafter the defendant failed to appear, and upon a report by a referee the judgment in question was entered on June 21, 1919. This was more than three years after the Company had been restrained from transacting business. The defendant says that by the Illinois statutes the Company became extinct in one year, with a continued liability to creditors of only two years more, and that the last two years had elapsed.

The Illinois Surety Company was organized under a general law of Illinois to be found in Hurd's Revised Statutes of Illinois, 1917, c. 32, § 102 f and following. By § 14 of the act (Hurd, § 102 s), corporations formed under it "shall be subject to all laws of this State governing corporations for pecuniary profit, as provided for in an Act . . . approved April 18, 1872 . . . and amendments thereto, in force July 1, 1897, and the duties thereof, and shall have the powers thereof, so far as the same are not inconsistent with the provisions of this act. Such Companies shall also be subject to the provisions and requirements of an Act entitled 'An Act in regard to the dissolution of Insurance Companies,' approved February 17, 1874." The act last mentioned allows a ma-

jority of the stockholders of any Illinois insurance company to apply by petition to close its concerns and authorizes the Court after due notice to all the parties interested to proceed to hear the matter and for reasonable cause to decree a dissolution, § 2. (Hurd, c. 73, § 12.) It also provides in the next section that the charters of all such companies, which either from neglect, or by vote of their members or officers, or in obedience to the decree of any Court, have ceased for one year to transact the business for which they were organized, shall be deemed extinct, with authority to the Court upon petition to fix the time within which the companies shall close their concerns: "*Provided*, that this section shall not be construed to relieve any such company from its liabilities to the assured or any of its creditors," § 3. (Hurd, § 13.) The fourth section (Hurd, § 14) continues the companies for two years more for the purpose of prosecuting and defending suits, &c., but not for that of going on with their business. The facts that we have stated were thought to bring the case within this statute and so to make the New York judgment void.

We should hesitate long before deciding that the cessation of business for a year under the above mentioned decree fell within § 3 of the Insurance Act or that the proviso had no effect upon the following § 4, not to speak of other difficulties. But it is not necessary to stop at this point. The Company, as has been shown, was subject also to the laws governing corporations for pecuniary profit. By § 10 of the Act of April 18, 1872 (Hurd, c. 32, § 10) these corporations are continued for two years for substantially the same purposes as are insurance companies, but it is explicitly provided by § 12 that the dissolution for any cause shall not take away or impair any remedy given against such corporation, its stockholders or officers, for any liabilities incurred previous to its dissolution. The argument seems to us strong that the

section concerning surety companies quoted at the outset takes in this § 12 without qualification and, if necessary, might be said to show that a larger signification should be given to the proviso quoted from § 3 of the Insurance Act, at least as applied to this Company. But we are relieved from an independent consideration of the matter by the opinion of the Supreme Court of Illinois in *Evans* v. *Illinois Surety Co.*, 298 Ill. 101, 106, 107, April 21, 1921, the very case in which the above mentioned injunction was issued. On p. 106 it quotes § 12 of the Corporation Act, and on p. 107, says, "there can be no question but that the provisions of the General Incorporation Act heretofore quoted, and all its other applicable provisions, apply to corporations organized under the Surety Act." This was later than the decision of the Circuit Court of Appeals and appears to us to warrant our taking the same view without discussion at greater length.

*Judgment reversed.*