### In re WOLF MFG. INDUSTRIES.

### TUDOR v. UNITED STATES.
No. 4612.

Circuit Court of Appeals, Seventh Circuit.
Feb. 24, 1932.

Frank C. Olive, of Indianapolis, Ind., for appellant.

George R. Jeffrey, U. S. Atty., of Indianapolis, Ind.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This appeal involves the question of whether the District Court rightfully overruled the objections of the trustee in bankruptcy to the claim of the government for income taxes.

Wolf Manufacturing Company, an Illinois corporation, on December 31, 1920, transferred all its assets to Fred Wolf, Paul A. Wolf, Leo F. Wolf, and Fred A. Wolf, as trustees under a so-called common-law trust, upon the consideration that the trustees discharge the liabilities of the corporation. In the trust agreement, it was provided that the trustees should use and employ the trust property "first in paying the corporate debts of the Wolf Company and discharging the liabilities of said corporation," and further that they should conduct the business and manage the property as previously. On March 21, 1921, the stockholders voted to dissolve the corporation, and on December 28, 1921, report of such dissolution was filed with the secretary of state, who, on the same date, issued certificate of dissolution. At that time there were in existence at least two federal tax liabilities, one for the year 1919, which is here in controversy, and another for the year 1920, which appeared in the balance sheet of assets and liabilities taken over by the trust.

The government, investigating the corporation's tax report for 1919, requested and received from it, on February 26, 1925, a waiver of the statute of limitations extending the statutory period for assessment to December 31, 1925. On September 1, 1925, the Commissioner sent by registered mail to the corporation notice of assessment of additional income tax for 1919 in the amount of $31,443.70. On October 31, 1925, the corporation filed with the United States Board of Tax Appeals its appeal from said assessment. Both the waiver and petition for appeal were executed in the name of the corporation by Fred A. Wolf, as secretary and treasurer of the same. On March 5, 1928, the Board made its decision finding that there was a deficiency in the income tax paid by the corporation for the year 1919 in the amount of $28,673.72. No review of this decision was ever sought.

The trust became bankrupt June 12, 1929. The original claim for the aforesaid additional tax, plus interest, was filed on September 17, 1929, and the amended claim, here relied upon, on March 17, 1930. The trustee objected to allowance of the claim upon the grounds that collection was barred by the statute of limitation and that the bankrupt was not liable for the taxes as a transferee of the corporation. The referee sustained the objections. Upon review, the District Court reversed and set aside the order of the referee and directed the allowance of the claim.

The appellant contends that the waiver by the corporation, its appeal and its appearance before the Board of Tax Appeals, were the acts of a dissolved corporation, and therefore void, and that there has been no compliance with the statutory requirements necessary in order to hold the trust liable for the assessment.

The statute of Illinois (Smith-Hurd Rev. St. Ill. 1931, c. 32, § 75 (4) (b, c), (5) (d, e), upon voluntary dissolution of a corporation, provides that, before a dissolution shall be accomplished, a corporation shall "pay and discharge all its corporate debts and liabilities," and "distribute its corporate assets and property among the persons entitled thereto." Having complied with these mandatory directions, the corporation shall then report to the secretary of state "a complete itemized list of all the corporate debts and liabilities" and "the date and manner of payment of each debt and liability existing." Another section of the statute (section 79 provides in effect that the remedies of third persons against the corporation shall not be affected by the dissolution, if asserted within two

years from the date thereof. This latter provision is not material upon the issue herein presented.

The statute here under consideration is a comparatively recent one, and the Supreme Court of Illinois has not passed upon the effect of a failure to comply with the provisions thereof. It becomes our duty, therefore, to determine the intent of the act. Obviously, proceedings to bring to an end a corporation, a creature of the state, empowered to acquire property, transact business, and incur debts, is one that must be guarded with the strictest of supervision by the state. Having brought the corporation into the world, and having authorized incurrence of liabilities to others, the state's evident obligation before ending the existence of its creation is to place all possible reasonable guards against injustice and injury to third persons. In recognition of that duty, and in order to protect creditors, its mandate in the statute allowing dissolution is that all debts and liabilities shall be discharged, and the property delivered to such persons as are entitled to the same, and full and complete verified report of the manner of payment of the debts be made of record. These are conditions precedent to the cessation of existence of the legal entity. Consequently, if the corporation does not comply with the statute, so far as the rights of third persons are concerned, the dissolution is inoperative and void.

In American Bank & Trust Co. v. Hon, 48 F.(2d) 588, this court approved the decision of the lower court to the effect that failure to give the requisite statutory notice prevented an effective dissolution as to such creditors as were not notified. In Frank v. Wedderin, 68 F. 818, 824 (C. C. A. 5), it was remarked, "when such dissolution is brought forward to defeat attaching creditors, we think the court should see that all the formalities prescribed by the laws of the state and the charter of the corporation to bring about a legal dissolution of the corporation are strictly complied with." These pronouncements are consonant with the public policy of the state of Illinois as announced by the Supreme Court in repeated decisions. Thus, in Commercial Loan & Trust Co. v. Mallers, 242 Ill. 50, 89 N. E. 661, 662, 134 Am. St. Rep. 306, 17 Ann. Cas. 224, the court said: "It is a part of the settled public policy of this state that upon the dissolution of a corporation, no matter how the dissolution may be effected, the corporation shall nevertheless be regarded as still existing for the purpose of settling up its affairs." See, also, Singer & Talcott Stone Co. v. Hutchinson, 176 Ill. 48, 51 N. E. 622, and Ewen v. American Fidelity Co., 261 U. S. 322, 43 S. Ct. 371, 67 L. Ed. 677.

In view of the theory in Illinois that the property of a corporation constitutes a trust fund for the payment of the debts of the corporation (see Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197, 32 N. E. 420, 17 L. R. A. 818), and the further policy of the state that dissolution shall not be completed until and unless such fund is protected and the statute strictly complied with, it follows that the dissolution of the corporation in the present instance can have no legal effect as to creditors if it is not in compliance with the essential provision of the statute above noted.

The record discloses that, when the attempted dissolution was reported, the corporation under oath assured the secretary of state that there were no corporate debts or liabilities. This was a positive misrepresentation of fact directly contrary to the purpose of the provision of the enactment, and defeating the same, for, if the state was erroneously advised that all debts had been paid and discharged, it could only assume that the corporate assets had been distributed to the persons entitled to the same, and that it was unnecessary to file a completely itemized list of corporate debts as required by the statute. Whatever might be the effect as to other persons, there can be no question that this failure to comply with the statutory provisions prevented the dissolution from becoming an effective bar to the government's action in attempting to collect the tax. And, there having been no compliance with the statute by the corporation, and the dissolution being void as to the government, the two-year limitation provided for actions against a dissolved corporation where dissolution is perfected does not apply.

It follows, therefore, that the government properly made assessment of taxes, that the Board of Tax Appeals had jurisdiction of the parties when it entered judgment, and that the amount found due was adjudicated in the final order, of which no review has been had.

We have observed that the only consideration for the transfer of the corporate assets to the trustees was the agreement by the latter to pay the debts and discharge the liabilities of the corporation, and that the property received in trust was to be devoted first of all to the discharge of such debts and liabilities. Upon such written contract, under

the statutes of Illinois (Smith-Hurd Rev. St. Ill. 1931, c. 83, § 17) and Indiana (Burns' Ann. St. Ind. 1926, § 302) actions are barred in ten years. Within that time the government filed its claim in the court of bankruptcy, showing that there had been legally established a tax liability against the corporation in the sum claimed.

Both Illinois and Indiana recognize the rule that third persons for whose benefit a contract is made may bring action thereon. See Commercial Nat. Bank v. Kirkwood, 172 Ill. 563, 50 N. E. 219; Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467; Chicago Title & Trust Co. v. Central Trust, 312 Ill. 396, 144 N. E. 165; Hess v. Lackey, 191 Ind. 107, 132 N. E. 257; Tinkler v. Swaynie, 71 Ind. 562; Ransdel v. Moore, 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753. And, despite what may be the rule in various other commonwealths, the same rule has long abided in the federal courts. See Hendrick v. Lindsay, 93 U. S. 143, 23 L. Ed. 855; Princess Amusement Co. v. Wells, 271 F. 226 (C. C. A. 6), certiorari denied, 256 U. S. 701, 41 S. Ct. 623, 65 L. Ed. 1178; Gibson v. Victor Talking Machine Co. (D. C.) 232 F. 225; Barker v. Pullman's Palace Car Co. (C. C.) 124 F. 555, at page 567; Blackmore v. Parkes et al., 81 F. 899 (C. C. A. 6); In re Dresser, 135 F. 495 (C. C. A. 2); Millett v. Omaha Nat. Bank, 30 F.(2d) 665 (C. C. A. 8). It follows that the government, having established the legal liability of the corporation, was entitled to file and have allowed its claim in the bankrupt estate of the parties who assumed and agreed to pay such liabilities. Furthermore, it was the court's duty, sitting as a court in equity, to treat the property of the bankrupt as a trust fund for the benefit of the creditors of the corporation according to their respective priorities.

We are of the opinion also that the court was justified in treating the tax as a direct liability of the bankrupt on the ground that there was identity of entity in the two organizations. The members of the Wolf family who were beneficiaries of the trust were the stockholders of the corporation. As such, they authorized the transfer of the assets to themselves for the old stockholders in the same proportions. Officers of the corporation became identical officers of the trust. The only change was one from corporate existence to trust existence. The waiver, executed in the name of the corporation, was signed by the secretary and treasurer of the trust. The appeal, perfected in the name of the corporation, was executed by the same officer of the trust. The trust voluntarily entered on its books, as its own debt, the tax liabilities of the corporation for 1920. It was as if the Wolf family removed themselves and their property from one house to another; as if they changed their address but none of their traits, obligations, or property rights.

The bankruptcy court, being a court of equity, looks beyond the mere outward shell to the parties in interest—beyond the fictions of law and corporate forms to the purposes and officers who are identified with that purpose. See McCaskill Co. v. U. S., 216 U. S. 504, 30 S. Ct. 386, 54 L. Ed. 590. The federal government recognizes rules of property, but is not compelled to recognize transfers which result in no substantial change in beneficial ownership. See Osburn California Corp. v. Welch (C. C. A.) 39 F.(2d) 41.

The bankrupt estate is liable for the tax as an entity of the same identity as the original taxpayer. It is also liable, under the terms of the trust agreement, to pay the tax liability of the corporation. The decree of the district court is affirmed.