S. W. PIKE SEEDSMAN, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103267. Promulgated September 27, 1940.

*Arthur L. Podolak, C. P. A.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

#### OPINION.

MELLOTT: The Commissioner determined deficiencies in income tax and excess profits tax of the petitioner for the years 1936, 1937, and 1938 in an amount aggregating $7,788.09, together with negligence penalties of 5 percent of the total amount of the deficiencies, under section 293 (a) of the Revenue Acts of 1936 and 1938, aggregating $389.40.

On June 10, 1940, petition was filed with the Board asking for a redetermination of the deficiency. The petition alleges: "In the spring of 1938 it was decided to liquidate the corporation but due to the seasonal nature of the business and upon advice of counsel the petitioner continued operating as a corporation for the balance of the year 1938 *although legally dissolved on June 18, 1938* \* \* \*." (Italics ours.) The petition is verified in the following language:

ERNEST C. PIKE being duly sworn says that he was the president of S. W. Pike Seedsman, Inc., and that he is duly authorized to verify the foregoing petition; that he has read the foregoing petition, or had the same read to him, and is familiar with the statements contained therein, and that the facts stated are true, except as to those facts stated to be upon information and belief, and those facts he believes to be true.

The respondent has filed a motion to dismiss the proceeding for lack of jurisdiction on two grounds: (1) That the petitioner corporation is without power to institute or prosecute the proceeding before the Board; and (2) that the verification is not in accordance with subdivision (h) of Rule 6 of the Board's Rules of Practice (15th Ed.), which, as applicable here, reads as follows:

Where a petitioner is a corporation, the person verifying shall state in his verification that he has the authority to act for the corporation.

The respondent, in support of the first ground of his motion, calls attention to section 94 of the Illinois Business Corporation Act of July 13, 1933, which reads as follows:

§ 94. *Survival of remedy after dissolution.* The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution *if suit thereon is brought and service of process had within two years after the date of such dissolution.* Such suits may be prosecuted against and defended by the corporation in its corporate name. [Sec. 32.096, Jones Illinois Statutes Annotated.]

He calls attention to a statement made by the committee which drafted the legislation to the effect that the provisions of the section quoted above "\* \* \* permit actions to be brought *against* a corporation, its directors, or shareholders within two years after dissolution on any liability incurred prior to dissolution, *but do not permit a corporation to bring actions after its dissolution.*" (Italics ours.) He also cites *Billiard Table Manufacturing Corporation* v. *First-Tyler Bank & Trust Co.* (U. S. Dist. Ct., N. Dist. W. Va., 1936), 16 Fed. Supp. 990.

In the cited case it appears that an Illinois corporation, in 1934, brought an action in assumpsit. Special pleas in bar were filed alleging the plaintiff's dissolution and denying its right under the Illinois

law to prosecute the suit. The court dismissed the action, holding that the power of the plaintiff to maintain it had been "circumscribed by the Illinois Statute." It expressed the conclusion that "to permit the plaintiff to further maintain this action in its corporate name, even though now dissolved, would be to permit a privilege of procedure replaced by the Illinois Legislature."

It is apparent (assuming for the purpose of this motion that the facts stated in the petition are true) that the petition in the instant proceeding was filed one year, eleven months, and twenty-two days after the corporation was dissolved. In the *Billiard Table* case, *supra*, the court points out that: "Under the admitted common-law and Federal rule, the dissolution of a corporation, *ipso facto*, abates pending actions in which the corporation is a party, unless there be some specific curative or saving statute [citing cases] and the laws of the corporate domicile determine its power to maintain either local or foreign actions after dissolution." The Supreme Court of Illinois has recognized the same rule, saying, in *Singer & Talcott Stone Co.* v. *Hutchinson*, 176 Ill. 48; 51 N. E. 622: "The law is that the corporate capacity of a corporation to sue ceases on dissolution, except as such capacity is continued by statute, or its name is used in an equitable proceeding for the purpose of distributing its assets as a trust fund."

*Singer & Talcott Stone Co.* v. *Hutchinson*, *supra*, is cited by petitioner as supporting its contention that it can institute and prosecute the instant proceeding notwithstanding the fact it has been dissolved. The cited case, however, merely holds that a corporation, sued for a debt incurred previous to the expiration of its charter, may sue out a writ of error more than two years after its charter has expired, a writ of error being a "writ of right, both by the common law and our statute, as to any one who is a party to the record, or who is shown by the record to be prejudiced by the judgment."

Inferentially petitioner indicates that it feels there is some analogy between suing out a writ of error under the state practice and instituting a proceeding before this Board for a redetermination of a deficiency; but not so. The institution of a proceeding before us by the filing of a petition is more nearly analogous to the filing of a suit. As stated by the court in *California Iron Yards Co.* v. *Commissioner*, 47 Fed. (2d) 514, 517: "The assessment by the Commissioner is in no sense an action 'in court.' The petitioner acts affirmatively and does not 'defend an action in court' in taking an appeal to the Board * * *." A petitioner in a proceeding before the Board has substantially the same burden as a plaintiff in a suit at law. If the court was correct in holding in the *Billiard Table Manufacturing Corporation* case, *supra*, that a dissolved Illinois corporation could not maintain an action in assumpsit because the right

and power to collect debts due it and maintain suits in its corporate name for such purpose, had been "withdrawn by the Legislature by the omission of the former provisions from the new act",—and we think that it was—by a parity of reasoning it must be held that the petitioner is without power or right to institute or prosecute the instant proceeding.

Respondent's motion to dismiss for lack of jurisdiction must be sustained upon the first ground. It is unnecessary to pass upon or discuss the second ground.

> *Order will be entered dismissing the pro-*
> *ceeding for lack of jurisdiction.*