## Ludlow, Admr., v. Portable Quarries, Inc.

*Paul J. Smith*, for plaintiff.
*W. E. Shissler*, for defendant.

REESE, P. J., December 5, 1944.—Plaintiff herein instituted the present action on May 20, 1944, to recover damages for the wrongful death of his deceased wife. On July 25, 1944, a pluries writ of summons was served on defendant corporation, as stated in the sheriff's return, "by producing the original, making known its contents, and handing to L. B. Smith, president of the company, a true and attested copy of the same, together with the copy of plaintiff's statement of claim".

A special appearance was entered on behalf of defendant company, and subsequently L. B. Smith, individually and on behalf of the company, presented a petition for a rule to set aside the service of the sum-

mons and the return of the service. Plaintiff waived issuance of the rule and filed an answer to the petition.

From the admitted averments of the petition and from the deposition of L. B. Smith it appears that defendant company was voluntarily dissolved and a certificate of dissolution was issued by the Department of State on October 8, 1943. The dissolution seems to have been in full compliance with the provisions of sections 1103, 1104, and 1105 of the Business Corporation Law of May 5, 1933, P. L. 364.

It is contended that no action can be instituted against a corporation following its dissolution; that upon the dissolution of a corporation its existence ceases; that thereafter there is no legal entity or proper officer upon whom service of summons can be made and that, therefore, the service in the present case and the sheriff's return thereof must be set aside.

The important question for our decision is whether or not an action can be instituted against a corporation after its dissolution. It requires no citation of authorities for the principle that at common law an action could not be instituted or maintained against a dissolved corporation. The common-law rule has been modified in varying degrees by statutory law in many jurisdictions. In Pennsylvania, under the Act of May 21, 1881, P. L. 30, and its amendments, dissolved corporations could "bring suits, and maintain and defend suits already brought, for the protection and possession of their property, and the collection of debts and obligations owing to, or by, them . . ." It will be observed that under this statute a dissolved corporation could institute an action after its dissolution and that any action brought by or against the corporation prior to its dissolution would not abate upon dissolution. This statute was silent as to the bringing of an action against a corporation following its dissolution. Accordingly, it was held in Zimmerman v. Puro Coal Co., 286 Pa. 108, that a creditor could not, under the Act of 1881, supra, begin or prosecute a common-law action against a cor-

poration which had been dissolved. Section 1111 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended by the Act of June 24, 1939, P. L. 698, sec. 4, provides that the dissolution of a business corporation by the issuance of a certificate of dissolution by the Department of State "shall not take away or impair any remedy given against such corporation, its directors or shareholders, for any liability incurred prior to such dissolution, if suit thereon is brought and service of process had before or within two years after the date of such dissolution. Such suits may be prosecuted against and defended by the corporation in its corporate name".

It is contended by defendant that, although the Act of 1881, supra, has been repealed, the Business Corporation Law of 1933 is a statute of general revision and the law as therein written must be deemed to be the same as it stood prior to the revision, unless there can be found from the statute itself, or its history, a clear intention to change it. It is therefore urged that we must construe section 1111, supra, as continuing the law theretofore in force, viz. that the dissolved corporation could bring suits and could maintain and defend suits already brought, but that a creditor of a dissolved corporation could not institute an action against it.

We cannot adopt any such reasoning. It seems clear to us that section 1111 means exactly what it says, that dissolution shall not take away or impair any remedy given against a dissolved corporation for any liability incurred prior to dissolution, provided suit is brought and service of the process had within two years after dissolution. The only meaning which we can give to such language is that a suit may be instituted against a dissolved corporation if the liability alleged was incurred prior to dissolution and if suit is brought within two years after dissolution. Similar statutory language has been so construed in Kipp v. Miller, 47 Colo. 598, 108 Pac. 164, Dick v. Petersen, 6 P. (2d) (Colo.) 923,

Lucifer Coal Co. v. Buster et al., 171 Pac. (Colo.) 61, Hazard et al. v. Park et al., 294 Fed. 40, Mieyr v. Federal Surety Company of Davenport, Iowa, et al., 94 Mont. 508, 23 P. (2d) 959, The Singer & Talcott Stone Co. v. Hutchinson et al., 176 Ill. 48, 51 N. E. 622, and Blake v. Portsmouth & Concord Railroad, 39 N. H. 435.

We conclude, therefore, that the present action was properly brought against the corporation, notwithstanding its dissolution. Section 1111, supra, provides that such suits may be prosecuted against the corporation in its corporate name. It follows that service upon its president was proper.

"The authorities hold that where a corporation may be sued after its dissolution, process may ordinarily be served upon the same persons or officers who could have been properly served if the corporation had not been dissolved": 16 Fletcher Cyclopedia Corporations, sec. 8146.

And now, December 5, 1944, the rule to set aside the service of summons and the sheriff's return of service is hereby discharged.