THE COMMERCIAL LOAN AND TRUST COMPANY, Defendant in Error, *vs.* JOHN B. MALLERS, Plaintiff in Error.

*Opinion filed October 26, 1909.*

1. PLEADING—*question of capacity to sue should be raised by plea in abatement.* A defendant who desires to question the plaintiff's capacity to sue should do so by plea in abatement, otherwise the judgment rendered against him in the name of the plaintiff is valid, and the plaintiff may enforce its collection by execution.

2. RES JUDICATA—*judgment is res judicata of plaintiff's capacity to sue.* A judgment in favor of a plaintiff suing as a corporation is *res judicata* of all defenses which were or could have been interposed by the defendant, including the capacity of the plaintiff to maintain the suit.

3. CORPORATIONS—*after dissolution, the existence is regarded as continuing to wind up affairs.* Upon the dissolution of a corporation, no matter how the dissolution may be effected, the corporation is regarded as still existing for the purpose of settling its affairs.

4. SAME—*suit begun before dissolution may be prosecuted to judgment.* A suit begun by a corporation while it is a going concern may be prosecuted to final judgment for the purpose of collecting its assets and settling its affairs, even though it goes into voluntary liquidation while the suit is pending.

5. SAME—*limitation in section 10 of Corporations act does not apply to banking corporations.* Section 10 of the Corporations act, giving corporations "organized under this law" two years to collect debts after their powers have expired, applies only to corporations organized under such act and not to banking corporations.

6. SAME—*a banking corporation, after dissolution, may enforce claims until indebtedness is barred.* A banking corporation may, after dissolution, rightfully continue to enforce collection of its claims in the courts of this State for the purpose of closing its affairs, until the indebtedness has become barred by the general Statute of Limitations.

7. EXECUTIONS—*execution may be sued out on judgment recovered by corporation after its dissolution.* Where a judgment is recovered in the name of a corporation in a suit begun while it was a going concern, execution may be sued out in its name notwithstanding the corporation went into voluntary liquidation while the suit was pending and many years before judgment was recovered.

WRIT OF ERROR to the Appellate Court for the First District;—to review a judgment of that court refusing to quash an execution issued by its clerk.

THURMAN, STAFFORD & HUME, for plaintiff in error:

No person shall be deprived of his property without due process of law.   U. S. Const. fifth amendment;  Ill. Const. art. 2, sec. 2.

An execution cannot issue in favor of one not *in esse.* 17 Cyc. 993.

Without statutory aid there could be no valid execution of a judgment in favor of one not *in esse.*   *Welch* v. *St. Louis,* 12 Mo. App. 516.

An execution issued after the death of the plaintiff, when the judgment is not shown to have been assigned or there are personal representatives of the deceased plaintiff, is a nullity.   *Bellinger* v. *Ford,* 14 Barb. 250.

An execution issued after the judgment creditor's death is void.   *Dunham* v. *Bentley,* 103 Iowa, 136;  *Brown* v. *Parker,* 15 Ill. 307;  *Meyer* v. *Mintonye,* 106 id. 414.

A corporation which has been dissolved absolutely, for all purposes, stands upon the same footing as a dead person, in the absence of statutory provisions.   *Life Ass.* v. *Fassett,* 102 Ill. 325.

Every power not clearly granted to a corporation is withheld.   Every ambiguity in the terms of the grant must operate against it.   *Trust Co.* v. *Railroad Co.* 157 Ill. 641;  *People* v. *Car Co.* 175 id. 125.

Corporations whose powers may have expired by limitation or otherwise shall continue their corporate capacity during the term of two years for the purpose of collecting debts.   Rev. Stat. chap. 32, sec. 10.

HORACE G. STONE, and IRA C. WOOD, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a writ of error sued out from this court to the Appellate Court for the First District to review the judgment of that court in refusing to quash an execution issued out of the office of the clerk of that court on January 6, 1909, in favor of the defendant in error and against the plaintiff in error.

It appears from the record that the defendant in error, the Commercial Loan and Trust Company, a banking corporation organized under the laws of this State, in 1895 brought suit in the circuit court of Cook county against John B. Mallers, the plaintiff in error, as guarantor upon a promissory note; that after numerous trials a judgment was rendered in that court in favor of the plaintiff in error, which judgment was reversed, without remanding, by the Appellate Court for the First District, and a judgment for $4755.55 and costs was rendered by that court in favor of the defendant in error against the plaintiff in error, which judgment was affirmed by this court; that on the case being remanded to the Appellate Court the execution sought to be quashed was issued by the clerk of said Appellate Court to enforce the collection of said judgment and levied upon the real estate of the plaintiff in error.

The ground of the motion to quash is, that the defendant in error went into voluntary liquidation on December 2, 1898, and that by reason of that fact, it is said, it is without legal capacity to sue out an execution on the judgment rendered in its favor in the Appellate Court, and that said execution for that reason is void and should be quashed.

We do not agree with the contention that said execution was wrongfully sued out for want of capacity in the defendant in error to take out execution upon said judgment, for the following reasons:

*First*—If the plaintiff in error desired to raise the question of the capacity of the defendant in error to sue he

should have done so in the trial court by a plea in abatement or otherwise, (*Stoetzell* v. *Fullerton*, 44 Ill. 108; *Life Association of America* v. *Fassett*, 102 id. 315;) and having failed so to do, the judgment rendered against him in the name of the defendant in error was a valid and binding judgment, and if the judgment was a binding and valid judgment, the defendant in error, under the statute, had the right to enforce its collection by execution. The suit was commenced in 1895, and defendant in error went into voluntary liquidation in 1898 and the judgment was rendered in 1908. About ten years intervened between the voluntary dissolution of the defendant in error and the date of the judgment, during which time the plaintiff in error failed to raise the question of the capacity of the defendant in error to sue, and we think it too late for him to raise that question after the case has passed through the circuit, Appellate and Supreme Courts and final judgment has been rendered against him in the Appellate Court. The judgment in favor of the defendant in error was *res judicata* of all the defenses which were or could have been interposed by the plaintiff in error, including the capacity of the defendant in error to maintain its suit. *Rogers* v. *Higgins*, 57 Ill. 244; *Kelly* v. *Donlin*, 70 id. 378.

*Second*—It was held in *Life Association of America* v. *Fassett, supra,* that it is a part of the settled public policy of this State that upon the dissolution of a corporation, no matter how the dissolution may be effected, the corporation shall nevertheless be regarded as still existing for the purpose of settling up its affairs. In this case the suit was commenced while the defendant in error was a going corporation, and we see no reason why it should not be permitted to prosecute its suit to final judgment for the purpose of collecting its assets and settling up its affairs, even though it went into voluntary liquidation pending the litigation. In *Singer & Talcott Stone Co.* v. *Hutchinson*, 176 Ill. 48, it was held that a writ of error—a new suit—might be sued

out by a corporation to review a judgment rendered against it, notwithstanding two years had elapsed after its dissolution.

It seems to be conceded by the plaintiff in error that the defendant in error would have had power to take out execution on its judgment against the plaintiff in error but for the two years' limitation found in section 10 of chapter 32 of the Revised Statutes, which section reads as follows: "All corporations organized under this law whose powers may have expired by limitation or otherwise, shall continue their corporate capacity during the term of two years, for the purpose only of collecting the debts due said corporation, and selling and conveying the property and effects thereof." It will be observed that said section applies only to "corporations organized under" the act of which said section forms a part, and from an examination of section 1 of said act it will appear that the act does not apply to corporations organized for "banking" purposes. We can see no reason why a banking corporation should not be held to fall within the general public policy of the State which permits a corporation to do such acts as may be necessary to collect its debts and settle up its affairs after dissolution. If such public policy does apply to a banking corporation, as we hold it does, and the two-year limitation does not apply to such corporation, then the defendant in error might rightfully enforce collection of its claims against its debtors in the courts of this State, for the purpose of closing up its affairs, until such indebtedness had become barred by the general Statute of Limitations.

We are of the opinion that the Appellate Court did not err in declining to quash the execution sued out by the defendant in error upon its judgment against the plaintiff in error rendered in that court, and that the judgment of that court should be affirmed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*