## PHILADELPHIA UNDERWRITERS *v.* FOLDS.

1. Where, from the time of the issuance of a policy of fire insurance upon an automobile until the day on which it was damaged by fire, the automobile was located in a certain county of this State, of which county the insured was and has continued to be a resident, and where the automobile was in another county at the time the damage occurred, and

it was thereafter carried in its salvaged state into a third county, the superior court of the first-mentioned county has not jurisdiction and authority to entertain an application and appoint an umpire upon the petition of the insured, under the act approved August 14, 1916 (Ga. Laws 1916, p. 128).

2. The order of the superior court appointing an umpire, not being a judicial act, is not a judgment that can be reviewed by writ of error, and the Court of Appeals has not the power to entertain an assignment of error based thereon.

No. 3676.    November 17, 1923.

Questions certified by Court of Appeals (Case No. 13847).

*Smith, Hammond & Smith* and *J. M. B. Bloodworth,* for plaintiff in error.

*Willis Smith,* contra.

GILBERT, J.    1.    Section 1 of the act of the General Assembly of 1916 (Ga. Laws 1916, p. 128) provides, in part, as follows: "When in the event of loss or damage to property in this State, described in any policy of fire insurance and covered thereby, the ascertainment of any such loss or damage is, as provided in the policy, to be determined by appraisers, one selected by the company, the other by the insured, and the two so chosen shall have failed or neglected, for a space of ten days after both have been chosen, to agree upon and select an umpire, it shall be lawful for either the assured or the company to apply to any court of record in the county in which the property is or was located, on five days' notice in writing to the other party of his or its determination so to do, to appoint a competent disinterested umpire." The act further empowers the court, after due notice, to appoint a "competent and disinterested person to act as such umpire." Standing alone, the words quoted are quite indefinite as to where the jurisdiction lies for such appointment. The caption of the act, however, throws much light on the question. It is as follows: "An act to provide for the appointment of an umpire by any court of record, in fire-insurance appraisals, *in the county where the loss occurs* [italics ours], provided the appraisers chosen fail to select such umpire within ten days," etc. In *Collins* v. *Everett, 4 Ga.* 266, 280, it was said: "Although we do not hold the preamble of an act by any means conclusive as to the intention of the legislature, for that is to be ascertained from the body of the act itself, in the main; yet it is a legitimate aid to construction." In the caption the intention of the General Assembly clearly appears;

and construing the body of the act together with the caption, we answer the question propounded that "a court of record" in the county "where the loss occurred" has jurisdiction to appoint the umpire, and no court in any other county has such jurisdiction.

2. In answer to the second question of the Court of Appeals, we reply that the order appointing an umpire such as mentioned above is not a judicial act, but is quasi legislative or administrative. It will be observed that, under the act, the power to make such an appointment was not given to the judge of the superior court or to any court by name, but rather to any "court of record." There are courts of record in this State from which, under the constitution, a direct bill of exceptions will not lie to the Court of Appeals or to this court. Suppose the appointment of an umpire, under the act, had been made by the judge of a court from which a writ of error would not lie. Obviously it could not be said that a writ of error in such a case would lie by virtue of the act of 1916. The fact that in this instance the appointment was made by a judge of the superior court cannot change the law on the question, for that depends upon the character of the order of the judge. Although the act delegates the power to a "court of record," when the entire proceeding authorized by the act and the manner of its performance is considered, it is clear that the appointment is not made by a court in its technical sense, but rather by a judge of a court of record. Manifestly there will be no place or occasion for the determination of any fact by a jury. There is no such provision in the act. The entire matter is submitted to the judge for his determination. While there is provision for notice to the opposite party, the act does not contemplate that there may be any valid objection made to the appointment of an umpire, but rather that the judge shall hear from the opposite party as to what particular person shall be appointed, the object being merely to secure "a competent and disinterested person." Analogous to the provisions of the act of 1916 above mentioned are the provisions in our constitution and laws for the grant of corporate charters; and it has been held that "the power conferred by the constitution upon the courts to grant charters to corporations is legislative and not judicial in its character," and furthermore, that "a writ of error complaining of the refusal of the court to grant the order of incorporation will be dismissed."

*In re Union Club,* 142 *Ga.* 261 (82 S. E. 643). See also *Gas Light Co.* v. *West,* 78 *Ga.* 318, which had reference to the grant of corporate powers by the courts, where it was said: "The power conferred by this clause of the constitution [Art. 3, sec. 7, par. 18 of the constitution of this State] upon the courts is most clearly legislative in its character; it is a power to create, and not judicial. A judicial power extends to deciding, determining controversies which arise between persons and individuals according to law. The act of granting corporate powers to private companies is not at all judicial, but on the contrary legislative; it is a part of the sovereign power of the State most usually exercised by the legislature, but in this State committed by the constitution to the courts, under the law as prescribed by the legislature." See also *White* v. *Davis,* 134 *Ga.* 274, 280 (67 S. E. 716); *Daniels* v. *Commissioners* of *Pilotage,* 147 *Ga.* 295 (2) (93 S. E. 887); *James* v. *Thompson,* 148 *Ga.* 201 et cit. (96 S. E. 316). Applying these principles we reply that the order appointing the umpire, not being a judicial act, is not a judgment that can be reviewed by writ of error, and the Court of Appeals has not the power " to entertain an assignment of error of the insurance company in a bill of exceptions from the judgment of the superior court." Having arrived at the conclusion just stated, it follows that it is unnecessary to consider the result of the failure on the part of one of the parties to raise the question of jurisdiction before the court making the appointment of an umpire, or to appear in that court in resistance to the application of the insured; or the fact that the jurisdiction of that court is attacked and the question of jurisdiction raised for the first time in the bill of exceptions.

*All the Justices concur.*