17746. Cochran *et al. v.* Bennett, superintendent of banks.

Stephens, J. The judge of the superior court, when passing upon an application of the superintendent of banks for permission to sell the assets of a bank which has been taken over by the superintendent, and in passing an order authorizing a sale of the assets of the bank by the superintendent, as is provided in article 7, section 7, of the banking act, approved August 16, 1919 (Ga. L. 1919, p. 135, 156), is not administering the assets of the bank, and passes upon and adjudicates no rights of parties, but is merely, under statutory authority, directing a State officer who is not an officer or receiver of the court, in the discharge of a statutory duty. This is true notwithstanding that the statute requires that before the passage of such order the bank be made a party to the proceedings, by proper notice issued by the court. Such an order of sale is not judicial, but is purely administrative or ministerial, and is therefore not a judgment of a court which can be reviewed by a writ of error. *Philadelphia Underwriters* v. *Folds,* 156 *Ga.* 773 (2) (120 S. E. 102); In re Chetwood, 165 U. S. 443 (17 Sup. Ct. 385, 41 L. ed. 782); Ex parte Moore, 6 Fed. (2d) 905, 908; Fifer *v.* Williams, 5 Fed. (2d) 286, 288; In re Union Bank, 176 App. Div. 477 (163 N. Y. Supp. 485, 488).

*Writ of error dismissed. Jenkins, P. J., and Bell, J., concur.*

Decided September 9, 1927.

Equitable petition; intervention; from Fulton superior court— Judge Howard. September 28, 1926.

Article 7, section 7, of the banking act, approved August 16, 1919 (Ga. L. 1919, p. 135, 156), reads as follows: "Upon taking possession of the assets and business of any bank, the Superintendent is authorized to collect all moneys due to such bank, and to do such other acts, as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof, as hereinafter provided. The Superintendent shall collect all debts due and claims belonging to such bank, and by making application to the Superior Court of the county in which such bank is located, or to the Judge thereof, if said Superior Court be not then in session, may procure an order to sell, compromise or compound any bad or doubtful debt or claim, and on like order the Superintendent may sell the real and personal property of such bank on such terms as the court, or the Judge thereof, shall direct, but on any such court proceedings the bank shall be made a party by a proper notice issued from the court, and the hearing of any such application or petition by the Superintendent may be had at

Banks and Banking, 7 C. J. p. 743, n. 74 New.

any time, either.in term or vacation, after the bank has had five (5) days notice of such application."

*H. H. Anderson,* for plaintiffs in error.

*Orville A. Park, Carl N. Davie,* contra.