18364. BENNETT, superintendent, *et al., v.* DUKE, commissioner.

STEPHENS, J. 1. The superintendent of banks having in charge an insolvent bank for liquidation under the authority of the banking act approved August 16, 1919 (Ga. L. 1919, p. 135 et seq.), is an officer of the State, charged with the duty of administering the assets of the bank in accordance with the terms and provisions of the act, and, notwithstanding the act provides that the superintendent of banks, in the performance of certain duties devolving upon him as such liquidating 'officer of the bank, such as making disbursements for expenses incurred in the liquidation of the bank and in selling the assets of the bank, must obtain an order of approval from the judge of the superior court, the superintendent of banks is not an officer or a receiver of the superior court. In administering the assets of the bank he is not amenable to the jurisdiction of the superior court. *Cochran* v. *Bennett,* 37 *Ga. App.* 202 (139 S. E. 428), and cit.

2. The power which is lodged in the judge of the superior court to approve the amount fixed by the superintendent of banks as expenses of liquidation of an insolvent bank taken over by him, as provided in article 7, section 23 of the banking act approved August 16, 1919, supra, and the act approved August 26, 1925, amendatory thereof (Ga. L. 1925, 119, 132), is not judicial, but administrative only, and confers upon the judge of the superior court no power to administer the assets of the bank by directing the disposition by the superintendent of banks of any funds belonging to the bank in an amount not approved by the court for disbursement as expenses of liquidation. This is true notwithstanding these funds may at the time have been already disbursed by the superintendent of banks as expenses of liquidation. If the disbursement of the funds of the bank made by the superintendent of banks, without the approval of the judge of the superior court, was illegal, the remedy is not by the

assumption by the judge of the superior court of an unauthorized jurisdiction by directing the disposition of these funds by the superintendent of banks.

3. The order of the judge of the superior court directing the superintendent of banks to pay over funds belonging to the assets of the bank, which he as superintendent of banks had taken over for liquidation, to a named person as "commissioner," appointed by the court "to represent the interest of creditors, stockholders, and depositors" of the bank, and providing that in the event the superintendent of banks should fail to pay over the funds as ordered, he show cause why he should not be attached for contempt, was without authority of law.

*Judgment reversed.* *Bell, J., concurs.* *Jenkins, P. J., disqualified.*

DECIDED SEPTEMBER 25, 1928.

*Orville A. Park, Allen & Pottle, C. N. Davie,* for plaintiff.
*J. B. Duke,* for defendant.