NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELLA MITCHELL, PETITIONER, v. SPENCER L. HAINES,
RECEIVER OF THE MOUNT HOLLY NATIONAL BANK
OF MOUNT HOLLY, NEW JERSEY, RESPONDENT.

Decided April 3, 1939.

For the petitioner, *Powell & Parker* (*Harold T. Parker*).

For the respondent, *Ralph W. Haines.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

The testimony produced at the hearing on the part of the petitioner disclosed that the decedent, William Mitchell, was, on December 13th, 1937, at approximately six o'clock P. M., found in an unconscious condition on the floor of the boiler room under or partially under a stoop or landing to a staircase leading from the main building of the premises known as the R. C. Chance Canning Factory and owned by the respondent, to the boiler room.

At the time of his discovery, decedent was severely burned about the head, body and limbs. At the approximate location of his body there was a broken lantern, numerous tools and a leaking steam pipe. Immediately after his discovery he was taken to the Burlington County Hospital and treated for his burns and shock, and died on December 14th, 1937, approximately seventeen hours after his admittance.

Dr. Anthony V. Ziccardi testified that he took charge of

the patient upon his admittance to the hospital and that he treated him for first, second and third degree burns and the resultant shock, and that in his opinion the said burns and resultant shock were the primary causes of death; that from his examination he was unable to discern any symptoms that would indicate any other cause of death.

Dr. Luis E. Viteri testified that he performed an autopsy and that he reached the conclusion that the primary causes of death were the first, second and third degree burns and the resultant shock, and that the autopsy, in his opinion, definitely determined that decedent had not had an acute heart attack sufficient to produce death or unconsciousness.

Petitioner produced testimony to the effect that decedent had been employed by William D. Marren, a previous owner of the property owned by the respondent, and that decedent's employment was that of a fireman and general utility man around the entire premises; that at the time of the taking over of the property by the respondent, respondent continued the employment of the decedent as fireman and general uility man.

The testimony also showed that the boiler room at the probable time and at the location of the accident was dark and that the use of artificial light, such as a lantern, was necessary in order for decedent to have proceeded with any repairs to the pipe or heating system.

It was stipulated by the parties and their counsel that decedent was receiving a salary of $15 per week and that petitioner, Ella Mitchell, was dependent upon decedent, and that she paid the funeral expenses in the sum of $269.

Respondent submitted testimony that decedent was employed as a fireman and watchman, but that his employment was such that in the event that repairs were necessary to the building or the heating system, his employment did not cover the making of such repairs.

Respondent also produced Dr. Lyman B. Hollingshead, who testified that decedent had high blood pressure and was suffering arteriosclerosis.

Respondent also defended the petition upon the ground that he, as a receiver of a national bank, was a governmental

agent and that by virtue thereof was not subject to the jurisdiction of the Workmen's Compensation Bureau.

I am not impressed with the argument that a receiver of a national bank as such is a federal officer or agent, and by virtue thereof immune of liability under the Compensation act. The National Bank of Mount Holly, of which the respondent is receiver, was organized as a corporation for financial gain in the interest and benefit of its stockholders. The appearance of the respondent as receiver is a part of the federal government's plan to protect the interest of depositors, creditors and stockholders. A receiver's duties pertain to conservation of assets for the benefit of depositors, creditors and stockholders, and in the performance of this function, the receiver in fact acts as an agent of such depositors, creditors and stockholders, and performs a duty which is not strictly a governmental function. Immunity from suit on the part of federal officers extends only to such individuals as are strictly public officers and who are an integral part of governmental agencies in the administration of governmental functions. A receiver does not come within that class.

It can be conceded that if the Mount Holly National Bank had employed the decedent and during such employment the decedent lost his life as the result of injury which arose out of and in the course of his employment, that thereupon the Workmen's Compensation act would be enforceable as against the bank. This being so, a receiver, stepping in to manage the bank in order to provide an orderly liquidation of its assets and the payment of its liabilities, stands in no better position than the bank itself. A judgment against the receiver can only affect the assets in his possession received in his official capacity, and in nowise affects the United States government.

The decedent was employed by the respondent in order that a building taken over by the receiver as a part of the bank's assets should be maintained and finally liquidated as a part of the process of liquidation undertaken by the receiver.

I, therefore, conclude that the respondent is within the jurisdiction of the Workmen's Compensation Bureau, and is subject to the provisions of the Workmen's Compensation act of the State of New Jersey.

I also find as a fact that the decedent was in the employ of the respondent at the weekly wage of $15 a week; that the petitioner was his sole dependent; that the causes of his death were the first, second, and third degree burns, and the resultant shock received by him while he was undertaking to repair a leaky pipe leading to the boiler, located on the respondent's premises, with the aid of a kerosene lantern, which by explosion or other cause ignited his clothing.

I also find that the repairing of the leak in question was a part of the decedent's work and incidental to his employment, and that the injuries received by the decedent, which resulted in his death, arose out of and in the course of his employment.

\*　　\*　　\*　　\*　　\*　　\*　　\*

It is, therefore, on this 3d day of April, 1939, ordered, that judgment be entered in favor of the petitioner and against the respondent.

\*　　\*　　\*　　\*　　\*　　\*　　\*

HARRY S. MEDINETS,
*Deputy Commissioner.*