Charles H. Albers, Appellee, v. Charles Bierman et al.
(Charles Bierman, Appellant).

Gen. No. 9,525.

Heard in this court at the February term, 1940. Opinion filed April 6, 1940.

FEIGEN & FEIGEN, of Chicago, and HALL & HULSE, of Waukegan, for appellant; ARTHUR P. FEIGEN and MARSHALL MEYER, of Waukegan, of counsel.

WILLIAM C. CONNOR, of Chicago, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This action was a suit by appellee to foreclose a trust deed executed by appellant Bierman and one Hyman Goldstein, on December 15, 1926, to secure a note in the sum of $8,250, due LeRoy Bracher, and which represented the unpaid purchase price on certain

real estate purchased by them from him. On or about January 6, 1931, Bracher obtained a loan from the Waukegan State Bank, in the sum of $8,305.13, for which he executed his collateral note, pledging therein as security, the above note and trust deed and delivering same to the bank. The bank appears to have gone into receivership in the early part of 1932. On June 12, 1936, the receiver of the bank caused a notice to be served on Bracher by registered mail, advising him that the receiver did not wish to accept his offer to convey the pledged collateral in settlement of his note, and that the receiver had decided to reduce the collateral to possession by a sale thereof in accordance with the terms of the note by which the same was pledged; therein notifying Bracher that he would offer for sale at the offices of the receiver, at the Waukegan State Bank, at 1610 N. Sheridan Road, North Chicago, Illinois, the collateral pledged by his note, to the highest bidder for cash, and would thereupon credit the proceeds of such sale upon his note. The notice stated that the sale would be had at the offices of the receiver as aforesaid, on Wednesday, June 24, 1936, at the hour of 2:00 p. m. Bracher was requested to attend the sale. He received this notice, but did not attend. There were no bidders for the collateral in question in this case except the receiver, who bid the same in for $1,950 and credited Bracher's note for that amount. (There was other collateral pledged by the note and sold at the same time, which is not involved in this suit.)

Appellee, on June 4, 1937, filed his complaint to foreclose the trust deed which Bierman and Goldstein had given to Bracher to secure their note. Bierman and wife, Goldstein and wife, and the trustee named in the trust deed, were all made parties defendant. Appellant, Charles Bierman, is the only defendant who made any appearance, except that his wife made answer in the trial court. The effect of his answer and

defense is, that appellee did not make such acquisition of title to the trust deed and note as a court of equity would recognize, and that therefore, this suit would not lie. Appellant urges that the receiver had no power to make sale of the collateral security in the manner in which the same was done, without first having secured an order of court so to do; that appellee did not secure such order, and therefore the sale was void; and that he took no title to the collateral by virtue thereof. The cause was referred to a master, who found the equities with appellee and recommended decree of foreclosure in accordance with the prayer of the complaint. Decree was rendered in accordance with the recommendation of the master, and appellant prosecutes this appeal.

The note by which Bracher pledged the collateral, provided that the holder thereof, its successor, agent or assignee, was authorized to sell all or any part of the collateral pledged, on the maturity of the note or at any time thereafter, or before maturity in case the securities pledged were depreciating in value in the opinion of the holder, its successor, agent, or assignee; and that such sale might be public or private, at the discretion of such holder, and without advertising the same or demanding payment or giving any notice. The note contained all the usual and customary provisions of a collateral security note and is such as is in common use by banking institutions in such transactions. It was long past due prior to the day the receiver sold the collateral thereunder.

It is the position of appellee, that as receiver of the bank, he had the power to make sale of the pledged collateral, as provided by the terms of the note, and thereby became the legal, as well as the equitable owner of such collateral; that as receiver of the bank, it was his duty to collect and conserve its assets for the benefit of its creditors; and that in pursuance of such duty, he had the power to make sale of the collateral as done

herein, in order that steps might be taken to reduce the same to liquid assets.

No fraud or bad faith is charged or appears. The note and trust deed arose by virtue of a sale of real estate by Bracher to Bierman and Goldstein. The note and trust deed were pledged by Bracher to the bank as collateral to a loan made by the bank to him. None of the parties have paid their obligations. Therefore, we are aware of no equities that could exist on behalf, of appellant Bierman with respect to the note and trust deed; and unless the act of appellee in subjecting the same to sale under Bracher's note is void, the decree herein should be affirmed.

It is the duty of the receiver of an insolvent bank to collect and conserve its assets for the benefit of its creditors. The statutes in most States confer appropriate powers upon such receiver to collect and protect the assets. Pursuant to the purpose and intent of such statutes, the receiver may take the necessary steps to secure possession of the assets of the bank, or their value. In the discharge of such duties, he is entitled to exercise a sound discretion. In harmony with these general principles, it is provided by sec. 11 of the Banking Act of this State (sec. 11, ch. 16½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 10.11]) that, "Such receiver, under the direction of the Auditor, shall take possession of, and for the purpose of the receivership, the title to, the books, records and assets of every description of such bank, and shall proceed to collect all debts, dues and claims belonging to it, . . . ." A duly appointed bank receiver may foreclose in chancery a trust deed of which the bank was the equitable owner. *McConnell v. Jones,* 332 Ill. 620, 623.

The State banking official and the receiver in possession and control of the property and affairs of an insolvent bank, stand in its place, and take the bank's estate and succeed to all its rights as of the time of

the adjudication of insolvency. They may be said to be acting in lieu of its officers. It is their duty to proceed to collect the assets, as this is the thing necessary to the proper administration of the affairs of an insolvent bank and is the purpose of the receivership. Pursuant to such purpose and duty, the receiver may use all legal means to collect any indebtedness to the defunct bank, that the bank itself might use. The manifest intent disclosed by the statute is, that a bank shall be liquidated with a minimum of time and expense. In furtherance of this purpose and legislative intent, we are of the opinion that appellee receiver was acting within the scope of his authority in liquidating the assets of this bank, when he subjected the collateral involved herein to sale under the terms of Bracher's note.

The decree herein is affirmed.

*Decree affirmed.*