## CARROLL v. SOCIAL SECURITY BOARD.
### No. 7829.

Circuit Court of Appeals, Seventh Circuit.
June 10, 1942.

Horace A. Young, of Chicago, Ill., and John A. Carroll, pro se, of Homewood, Ill., for appellant.

J. Albert Woll, of Chicago, Ill., and Rawlings Ragland and Francis M. Shea, both of Washington, D. C. (Sidney J. Kaplan, Sp. Asst. to Atty. Gen., of counsel), for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment of the District Court, entered June 25, 1941, affirming a decision of the Appeals Council of the Social Security Board which held that plaintiff, as well as his three minor children, was not entitled to primary insurance benefits under the Social Security Act as amended, 42 U.S.C.A. § 401 et seq. It is agreed that a decision as to the rights of the plaintiff (father) is conclusive as to those of the children.

Plaintiff, a citizen of the United States, attained the age of sixty-five years on February 6, 1940. Prior to July 24, 1931, he was engaged in the banking business and served in an official capacity with a number of state banks. On July 24, 1931, he was, by virtue of Chap. 16½, Sec. 11, Illinois Revised Statutes, 1941, appointed by the Auditor of Public Accounts, Receiver for the South Side Saving Bank and Trust Company of Chicago, Illinois. The appointment was confirmed by the Circuit Court of Cook County. The plaintiff proceeded in the ordinary manner to liquidate the property and assets of the bank and distribute the proceeds to depositors. Some sixty persons were appointed to assist in the work of liquidation, most of whom had been employees of the bank prior to its closing.

Plaintiff's compensation and that of all the persons engaged to assist in the liquidation was determined by the State Auditor and paid from the assets of the receivership. Plaintiff's compensation at the beginning was fixed at $6,000 per year, but was subsequently reduced until finally he was receiving $100 per month. For the years 1937, 1938 and 1939, he received compensation in the total amount of $9,000. A Social Security card was assigned to plaintiff and during the period of receivership, Social Security taxes were deducted from his compensation and reported to the Collector of Internal Revenue.

On September 30, 1939, plaintiff tendered his resignation as Receiver to the State Auditor. On February 2, 1940, he filed with the Bureau of Old Age and Survivors Insurance of the Social Security Board an application for primary insurance benefits, and on the same date filed on behalf of his three minor children an application for child's insurance benefits. Plaintiff was notified that neither he nor his children were entitled to such benefits. A hearing was had before a Referee who rendered a decision adverse to plaintiff, which decision, on appeal, was affirmed by the Appeals Council of the Social Security Board. Thereupon, suit was filed in the District Court to review such decision. The appeal is from a judgment affirming the decision of the Council.

There is no occasion to discuss the Act any further than necessary to a decision of the issue presented. Section 210(b), Title 42, U.S.C.A. § 410 note, of the Act states that the term "wages" means "all remuneration for employment." Paragraph (b) of the same section provides: "(b) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except * * * (6) Service performed in the employ of a State * * * or an instrumentality of one or more States * * *." That plaintiff met all require-

ments so as to entitle him and his children to benefits, is conceded, provided his services as Receiver were those of an "employee for his employer" within the meaning of the Act, and provided further he was not an employee of the State of Illinois.

Plaintiff contends that he was an employee of the bank, while the defendant argues to the contrary. It is defendant's contention, as we understand, that plaintiff's appointment by the Auditor and confirmation by the Circuit Court of Cook County, precludes the idea that he was an employee of the bank. It is pointed out that an essential characteristic of the relationship of employer and employee is that the former retains the right to control and direct the individual who performs the services, both as to the result to be accomplished by the work, and as to the details and means by which that result is accomplished. Undoubtedly, this proposition generally is sound and sustained by the authorities.

The situation presented, however, is so extraordinary that we doubt if it should or can be solved by the application of rules and theories relevant to an ordinary situation. Certainly it must be conceded that plaintiff was rendering service for someone. That he was not working for himself, and that he was not an independent contractor, we assume would also be conceded. It also appears that he was not a court receiver—arm of the court—as that term is ordinarily used. In fact, a court in Illinois is without jurisdiction to appoint a receiver for a banking corporation. People v. Shurtleff, 353 Ill. 248, 261, 187 N.E. 271.

While we need not consider plaintiff's relation with the State or the State Auditor until we have determined that he was an employee, we think it might be helpful to consider that question at this point. It is argued by the defendant that if he was an employee, it was of the State of Illinois and, therefore, proscribed from benefits under the Act. It is true, as pointed out, that the duties, powers and functions of a Receiver are prescribed largely by Statute under the direction and control of the State Auditor. The appointment of a Receiver, however, for the purpose of liquidating a bank, is a discretionary matter with the Auditor, rather than mandatory. People v. West Side T. & S. Bank, 362 Ill. 607, 617, 1 N.E.2d 81. Moreover,

plaintiff received no compensation from the state and performed no Governmental service. His compensation was paid from the assets of the bank and his services were performed in the interest of and on behalf of those with a financial interest in the bank, if not the bank itself. In Helvering v. Therrell, 303 U.S. 218, 58 S.Ct. 539, 82 L.Ed. 758, the court decided that a liquidator of a Florida bank, appointed by the State Comptroller, approved by the court and subject to the control of the Comptroller, was not an officer of the state. The question arose on account of the liquidator's contention that he was a state employee entitled to immunity from Federal Taxation. (Under the former rules of Immunity). In deciding adversely to the taxpayer's contention, the court, on page 225 of 303 U.S., page 543 of 58 S.Ct., said: "* * * The compensation of the taxpayers was paid from corporate assets— not from funds belonging to the state. No one of them was an officer of the state in the strict sense of that term. The business about which they were employed was not one utilized by the state in the discharge of her essential governmental duties. The corporations in liquidation were private enterprises; their funds were the property of private individuals." We do not agree with the contention that because the court was considering an income tax question, this pronouncement is inapplicable to the instant situation.

Furthermore, the same section of the Banking Act of Illinois (Sec. 11, Ch. 16½, Smith-Hurd, 1935) which authorized plaintiff's appointment by the State Auditor, also provides: "At any time, whenever two-thirds in number and amount of the creditors of any such bank or association, after any such receiver shall have been appointed by the Auditor, shall petition the Auditor of Public Accounts for the appointment of any person nominated by them as receiver, who is a reputable person and elector of the county in which such bank or association is located, it shall be the duty of the Auditor to make such appointment, and all the rights and duties of his predecessor shall at once devolve upon such appointee. * * *"

So we have the situation wherein the plaintiff rendered no service to, and received no compensation from, the state, with the absolute power lodged in the creditors of the bank to effect his removal and require the appointment of a successor of

their own choosing. Certainly, under such circumstances, there is little room for the contention that plaintiff's services were performed as an employee of the state.

By the process of elimination, we necessarily find ourselves favorably impressed with plaintiff's contention that he was an employee of the bank, notwithstanding the apparent lack of the element so often stressed in matters of this character—that is, that the bank had no control over plaintiff's activities. We think the absence of this element is more fanciful than real, but, in any event, is not fatal to plaintiff's theory.

■ It is well settled that a banking corporation continues its legal entity upon the appointment of a receiver. Dillon v. Elmore, 361 Ill. 356, 363, 198 N.E. 128; People v. West Side T. & S. Bank, 362 Ill. 607, 616, 1 N.E.2d 81. In fact, it appears that such a corporation is not without power to conduct its own liquidation. Commercial Loan & Trust Co. v. Mallers, 242 Ill. 50, 54, 89 N.E. 661, 134 Am.St.Rep. 306, 17 Ann.Cas. 224. It is worthy of note that the Auditor of Public Accounts is the head of the State Banking System. Continental Illinois Nat. Bank v. Peoples T. & S. Bank, 366 Ill. 366, 374, 9 N.E.2d 53. He not only is vested with authority over banks whose financial condition requires liquidation, but he likewise is given authority over going banks. A reading of the Banking Act of Illinois justifies the assertion that his authority over the operation of the latter and the conduct of its officials is equally as great as it is over those charged with liquidation. We assume that no one would dispute but that all servants of the bank before closing, including its officials, are employees and entitled to the benefits of the Act. At any rate they would not be denied because of the authority vested by law in the Auditor as to their activities in connection with management and operation.

Is it a reasonable construction of the Act that the Receiver be deprived of benefits which may be enjoyed by the President of the bank while it is in operation?[1] The President or managing officer performs services strikingly similar in many respects to those performed by the Receiver. As pointed out, the activities of each are restricted to a considerable extent by

Statute and by the authority vested in the State Auditor. The President is designated by the directors and his labor is in behalf of the stockholders and creditors of the bank. The Receiver is designated by the Auditor and his services likewise are in behalf of the creditors and stockholders. They both receive their compensation from the same source. The President ordinarily has a voice in the selection of minor employees, subject to the will of the directors. The Receiver, as the evidence in this case shows, had a similar voice subject to the approval of the Auditor.

This leads us to the inquiry as to the relationship between the bank and the Auditor. The court, in Albers v. Bierman, 305 Ill.App. 60, 63, 26 N.E.2d 623, 625, in discussing this question, said: "The state banking official and the receiver in possession and control of the property and affairs of an insolvent bank, stand in its place, and take the bank's estate and succeed to all its rights as of the time of the adjudication of insolvency. They may be said to be acting in lieu of its officers. * * * "

We think there can be little question but that the Auditor, when he assumes control of a bank, occupies a position in connection therewith strikingly similar to that formerly occupied by its Directors. He is the statutory agent, not for the State, but for the bank and, as pointed out, his authority to appoint a Receiver corresponds to that of the Directors in the employment of officers for the bank while it is a going concern. As already noted, the officers of the bank are employees within the terms of the Act, and it is difficult to perceive of a rational theory which precludes the Receiver from a similar classification.

■ A perusal of the record illustrates not only the difficulty which the question presents, but also the variety of theories advanced in its solution. In the first place, a Social Security card was issued to plaintiff December 22, 1936, with full knowledge as to the character of services rendered by him in connection with the bank's liquidation. The tax provided by the Act was collected under such circumstances. While we do not agree with the plaintiff that the defendant is estopped by such conduct, we think it is of some significance that he was recognized as an em-

---

[1] This provision is contained in the Act: "The term 'employee' includes an officer of a corporation." 42 U.S.C.A. § 1301.

ployee of the bank. The claim for benefits filed by plaintiff was first denied by defendant's Chicago Director for the reason that plaintiff was an employee of the State of Illinois and, therefore, not covered by the Act. A Referee decided the claim against plaintiff largely on the grounds that he was an officer of the court.[2] In due time, the claim was decided adversely to plaintiff by the Appeals Council, which decision appears to be predicated largely upon the theory that plaintiff was acting in a fiduciary capacity. Such reasoning carries little weight and certainly is not conclusive. We should think that every employee acts to some extent in a fiduciary capacity, and certainly would this be true of bank employees. Warren v. Pfeil, 346 Ill. 344, 360, 178 N.E. 894. The lower court, in deciding against the plaintiff, stressed the fact that the compensation received by him was not wages because it was referred to in the Illinois Statute as fees. It seems this theory is not tenable in view of Regulation 91, Article 14 of the Bureau of Internal Revenue of the Treasury Department, which provides: "The name by which the remuneration for services is designated is immaterial. Thus, salaries, fees, bonuses, and commissions on sales or on insurance premiums, are wages within the meaning of the Act if paid by an employer to his employee as compensation for employment." The court also concluded that plaintiff was an officer of the State and, as a final alternative, that he was an employee of the Auditor acting as agent for the State. We think there is no occasion to further discuss the divers theories advanced in defense of plaintiff's claim. We are of the view that none of them is consistent with the letter and certainly not with the purpose of the Act.

We now refer briefly to some of the authorities relied upon by the respective parties. United States v. Griswold, 1 Cir., 124 F.2d 599, is stressed by the defendant. There it was held that the trustees of a Massachusetts business trust were not employees within the meaning of the Act. By the Articles of Trust, the trustees were made legal owners of the property entrusted to their care and authorized to act as principals free from the control of the shareholders. The trustees were seeking to recover the tax paid by the trust, contending that they were not employees. We think there is a marked distinction between that situation and the instant one where the plaintiff is contending that he was an employee, where he had no title to the assets either legal or equitable, and where he was subject to removal at the pleasure of the bank's creditors. In deciding the case against the Government's contention that the trustees were employees, the court, on page 602 of 124 F.2d, said: "* * * Of course, there may be a case where a trustee is subject to such control that he would be an employee within the meaning of the Act. This is not such a case."

The defendant also cites Sneeden v. Industrial Commission, 366 Ill. 552, 10 N.E.2d 327, 113 A.L.R. 1447, wherein the Receiver was held to be an employer within the meaning of the Illinois Workmen's Compensation Act in a claim for compensation made by a carpenter employed by the Receiver to do repair work on a bank building under his control as Receiver. We see little, if any, support for defendant's contention in this case. The court held untenable the argument that the Receiver was an officer of the Government, but held the Receiver an employer on the theory that he was the representative of the bank. Such holding is inconsistent with all the theories advanced by the defendant to defeat recovery in this case. It is not inconsistent, however, with the theory that a Receiver occupies a position similar to that of an officer in charge of the bank while it is a going concern.

Plaintiff stresses the case of Giffen v. First National Bank & Trust Co. of Greensburg, 123 Pa.Super. 476, 187 A. 283. This also involved a claim under the Workmen's Compensation law instituted against both the bank and a conservator appointed by the Controller of the Currency. The court reasoned that the claimant was either an employee of the bank, or the conservator, and based its decision upon the former premise, pointing out that the acts of the conservator were the acts of the bank, and his orders were the orders of the bank. It may be, as suggested by the

---

[2] In support of this theory two cases are relied upon. Metropolitan Trust Co. v. North Carolina Lbr. Co., C.C., 162 F. 170, and Sage v. Memphis, etc., R. R. Co., 125 U.S. 361, 8 S.Ct. 887, 31 L.Ed. 694. Each of these cases deals with the ordinary receiver appointed by courts of equity and, in our judgment, have no bearing on the instant question.

defendant, that little importance may be attached to this case for the reason that the conservator was not involved. Like the Sneeden case, supra, however, the decision is at odds with the numerous theories relied upon by the defendant in the instant case. Mitchell v. Haines, 5 A.2d 680, 17 N.J.Misc. 123, cited by plaintiff, is another case wherein a claim was filed against the receiver of a National Bank, which was defended on the ground that he was a Governmental agent not subject to the jurisdiction of the Act. The court sustained the claim against the Receiver.

■■ The purpose which Congress had in mind, and the object sought to be accomplished by the enactment before us, is aptly stated in Helvering v. Davis, 301 U.S. 619, 640, 672, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319, et seq. That it should be liberally construed in favor of those seeking its benefits can not be doubted. While the question before us is not free from doubt—in fact, it is extremely close—we are of the opinion that plaintiff was an employee of the bank within the meaning of the Act and entitled to its benefits. In so concluding we have not overlooked the statutory admonition which binds us to accept the finding of the Social Security Board if supported by substantial evidence. The rule is not controlling, however, because the Board's decision, that plaintiff was not an employee within the terms of the Act, is without substantial support. Moreover, in our view, the rule has no application because the question presents an issue of law rather than of fact. It involves a construction of the Act.

The judgment is reversed and remanded with directions to proceed in conformity with the conclusion herein announced.

LINDLEY, District Judge (dissenting).

I cannot escape the conviction that the receiver of a closed bank, appointed by the auditor of the State of Illinois, is nothing other than an agent of the auditor and, as such, an administrative agent or officer of the state and, therefore, not competent to qualify under the federal legislation here involved.

The Illinois Statute, Smith-Hurd Illinois Annot.Stats., Chap. 16½, Sec. 11, provides that the auditor may take possession and control of the assets of an insolvent bank, to complete its liquidation, and appoint a receiver to act "under the direction of the auditor". Only in certain specified instances must appeal be made to a court for direction; in general, it is wholly within the power of the auditor to direct, supervise and control the receivership's activities.

There is no jurisdiction in an Illinois court to appoint a receiver for a closed bank. People v. Shurtleff, 353 Ill. 248, 187 N.E. 271. Where the State Director of Insurance appoints a receiver for an insolvent insurance company, the appointee is an executive or administrative official of the state. People, ex rel. Palmer v. Niehaus, 356 Ill. 104, 190 N.E. 349. In People ex rel. Barrett v. West Side Trust & Savings Bank of Chicago, 280 Ill.App. 308, the court referred to the fact that the procedure for liquidation of a state bank under the local statute is quite similar to that for liquidation of a national bank under the federal law. U.S.C.A. Title 12, § 192. The court adopted the reasoning of decisions of the Supreme and lower federal courts to the effect that the receiver of a national bank appointed by the comptroller is an officer or agent of the United States even though he must apply to court for authority to compound debts or sell property; that the receiver is part of the executive branch of the government and that his custody is that of the official whose agent he is. United States v. Weitzel, 246 U.S. 533, 38 S.Ct. 381, 62 L.Ed. 872; Kennedy v. Gibson, 8 Wall. 498, 19 L.Ed. 476; Ex parte Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782; Auten v. United States Nat. Bank of New York, 174 U.S. 125, 19 S.Ct. 628, 43 L. Ed. 920; Fifer v. Williams, 9 Cir., 5 F.2d 286; Port Newark Bank v. Waldron, 3 Cir., 46 F.2d 296; Liberty Bank v. McIntosh, 4 Cir., 16 F.2d 906, certiorari denied 273 U. S. 769, 783, 47 S.Ct. 571, 71 L.Ed. 890; McDonald v. State of Nebraska, 8 Cir., 101 F. 171; Jackson v. McIntosh, 5 Cir., 12 F. 2d 676; Hulse v. Argetsinger, 2 Cir., 18 F.2d 944; Ex parte Moore, 4 Cir., 6 F.2d 905; Steele v. Randall, 8 Cir., 19 F.2d 40; Lehman v. Spurway, 5 Cir., 58 F.2d 227, certiorari denied 287 U.S. 621, 53 S.Ct. 20, 77 L.Ed. 539. The court quoted extensively also from the decisions in other states construing statutes similar to that of Illinois, including Bennett v. Duke, 38 Ga. App. 598, 144 S.E. 686; Cochran v. Bennett, 37 Ga.App. 202, 139 S.E. 428; State ex rel. Richmond v. District Court, 45 Wyo. 29, 14 P.2d 673; Riches v. Hadlock, 80 Utah 265, 15 P.2d 283; Miracle v. Dixon,

121 Okl. 180, 249 P. 153; In re Union Bank of Brooklyn, 176 App.Div. 477, 163 N.Y.S. 485; Therrell v. Rinaman, 107 Fla. 110, 144 So. 327, in all of which the receiver is defined as an executive creature of the state or as an administrative agent or officer of the state, and concluded that the Illinois law should be similarly interpreted. The decision turned upon another point upon appeal in People ex rel. Barrett v. West Side Trust & Savings Bank, 362 Ill. 607, on page 617, 1 N.E.2d 81, on page 85, but the State Supreme Court did not disagree with the Appellate Court's classification of the receiver and referred in its opinion to the person in charge, that is, the receiver as the "auditor and his agent."

It seems to me, therefore, that a receiver appointed by the national comptroller and one appointed by a state auditor are both officers or agents of executive officials appointing them; that the receiver here is an administrative agent of the state auditor charged with carrying out statutory duties under the direction of the auditor.

I think he can not be classified as an employee of the bank. He is rather successor to the Board of Directors, as a new statutory entity. By commencement of liquidation proceedings, the corporation is not dissolved; it retains its legal existence created by the state, but the commonwealth steps in, says that, in the interest of the public, the bank shall be liquidated and names the receiver as a quasi-trustee for the benefit of all parties who are to share in liquidation and distribution of the assets.

I do not consider authoritative decisions that compensation of a state agent who is paid from private funds may be subject to federal income tax as militating in any way against this conclusion. The question in such cases is whether the federal government is unconstitutionally levying a tax upon state officials who are engaged in exercise of essential governmental activities. That, to me, is far apart from the question confronting us. It is clear that not all state agencies and instrumentalities are exempt from federal taxation, but our question is, what position does plaintiff occupy in the State of Illinois, and clearly he is its agent or officer.

To my mind it is immaterial that his compensation is paid from the assets of the receivership estate. The personnel of the payor of compensation may be relevant but it is not always decisive of who is employer and who is employee. The fact that plaintiff's compensation comes from the bank's assets does not alter the legal conclusion that he is an agent of the state for administrative purposes.

I think the judgment should be affirmed.