IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Pittinger,                          :
                     Petitioner          :
                                         :
          v.                             :
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :     No. 799 C.D. 2018
                     Respondent          :     Submitted: February 15, 2019


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                   FILED:  May 17, 2019


        Adam Pittinger (Pittinger) petitions for review from the May 11, 2018
order of the Pennsylvania Board of Probation and Parole (Board) denying Pittinger's
request for administrative relief, which challenged the recalculation of his parole
violation maximum sentence date.  Pittinger is represented by Michelle M. Alaskey,
Esquire (Counsel), who asserts that the appeal is without merit and seeks permission
to withdraw as counsel.  For the reasons that follow, we grant Counsel's application
for leave to withdraw as counsel and affirm the order of the Board.

        On November 24, 2014, Pittinger was released on parole from a state
correctional institution to the Community Corrections Center in Harrisburg
Pennsylvania (Harrisburg-CCC) and, at the time, had a maximum sentence date of
November 22, 2018.  Certified Record (C.R.) at 9-11.  Pittinger was released from

Harrisburg-CCC on February 19, 2015. *Id.* at 57. On August 7, 2015, Pittinger was admitted to ADAPPT-Reading for drug and alcohol treatment. *Id.* at 57-58. On June 27, 2016, Pittinger failed to report for his monthly parole visit so the Board declared him delinquent effective the same date. *Id.* at 14 & 51.

Between June 1, 2016 and September 1, 2016, the police filed several new criminal complaints against Pittinger, C.R. at 16-39, and the Board detained him pending disposition of his new criminal charges. *Id.* at 15. On December 16, 2016, the Board recommitted Pittinger as a technical parole violator to serve up to six months' backtime due to his delinquency with a parole violation maximum date of January 8, 2019. *Id.* at 61-62. On May 3, 2017, Pittinger pled guilty to the charges, was sentenced and returned to state custody. *Id.* at 113-14. Pittinger waived his right to a revocation hearing and admitted to the criminal convictions, and the Board, by decision mailed August 2, 2017, recommitted him to a state correctional institution as a convicted parole violator to serve 36 months' backtime concurrent to his 6 months' backtime as a technical parole violator. *Id.* at 183-84. The Board recalculated his maximum sentence date to April 30, 2021. *Id.*

On August 10, 2017, Pittinger filed a petition for administrative review with the Board and explained:

> I'm not necessarily in dispute of the Board's decision, I just wanted to clarify if this is to run concurrent with my new sentence. And, I was arrested on 8/13/16, so I have been incarcerated about 1 year, after being out for nearly 2 years. It appears that I wasn't given credit for my current incarceration (from 8/13/16 at Berks County Prison.[sic] Also there were mitigating circumstances, but mainly I would like to confirm that the computation is correct and that it is concurrent with my new sentence. I currently have a hearing on 9/18/17 which may modify my sentence or

2

vacate it. I'm also contacting the Montgomery County P[ublic] D[efender] to help me if needed. Thank you.

C.R. at 187. The Board denied Pittinger's request for relief explaining:

> Because you question the relationship between your new state term and your original sentence, your petition is a request for administrative review of the board decision mailed August 2, 2017 (recorded 07/21/2017). After further review of your case, it was determined that there is no indication that the Board failed to properly recalculate your maximum date and your request for relief is denied. Also, your new state sentences are to be served consecutively to your original state sentence with your original sentence to be served first. 61 Pa. C.S. § 6138(a)(5).

*Id*. at 190.

Pittinger petitioned this Court for review[1] and filed a motion requesting the appointment of counsel, which this Court granted. Pittinger, through Counsel, filed an amended petition for review and the Board filed the certified record. Thereafter, Pittinger's court-appointed counsel filed an application for leave to withdraw as counsel and a *Turner*[2] letter (no-merit letter) wherein Counsel explained that she is "convinced that [Pittinger's] arguments are wholly frivolous." Counsel's No-Merit Letter dated 10/24/18 at 1 (No-Merit Letter).[3]

---

[1] Our review is limited to determining whether necessary factual findings are supported by substantial evidence, whether any constitutional rights were violated and whether any errors of law were committed. 2 Pa.C.S. § 704; *Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 364 n.4 (Pa. Cmwlth. 2015).

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[3] Pittinger's right to counsel arises pursuant to Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10) and therefore a no-merit

3

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) she must notify the petitioner of the request to withdraw; (ii) she must furnish the petitioner with a copy of a no-merit letter; and (iii) she must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

---

letter is appropriate. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). An *Anders* Brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), is required where the petitioner raises a constitutional right to counsel and, to do so, the petitioner must raise a colorable claim:

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes,* 977 A.2d at 26. The principal distinction between a no-merit letter and an *Anders* Brief is the standard of review applied to the issues on appeal. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). In a no-merit letter, the standard is "lack of merit," and in an *Anders* Brief, the standard is the "slightly more rigorous frivolousness standard," which requires "a determination that the appeal lacks any basis in law or fact." *Id*. at 69-70. Here, we apply the lack of merit standard.

4

Here, Counsel met the technical requirements to withdraw. On October 24, 2018, Counsel served Pittinger with a copy of the application for leave to withdraw as counsel and the no-merit letter as evidenced by the certificate of service attached to the application and no-merit letter. *See* Certificate of Service attached to 10/24/18 Application for Leave to Withdraw as Counsel. In the no-merit letter, Counsel advised Pittinger that "he has a right to obtain private counsel or proceed *pro se* and a right to file a brief in support on his own behalf." No-Merit Letter at 13. On November 1, 2018, Counsel filed a Certificate of Service with this Court certifying that she served Pittinger with a copy of this Court's October 29, 2018 order by first class mail. The October 29, 2018 order gave Pittinger 30 days to obtain substitute counsel at his own expense or to file a brief on his own behalf in light of Counsel's request to withdraw. Upon review of the substance of the no-merit letter, Counsel analyzed Pittinger's issues, explained why each lacks merit, and cited law to support her conclusion. Therefore, Counsel having met the technical requirements to withdraw, we now independently review the merits of Pittinger's claims.

Before this Court,[4] Pittinger seeks credit for time spent in the Harrisburg-CCC and the ADAPPT program, claiming that he was not at liberty on parole during those stays because the conditions at the facilities were equivalent to incarceration. Pittinger's Brief at 1-3. *See Cox v. Pa. Bd. of Prob. & Parole*, 493

---

[4] In response to our October 29, 2018 order, Pittinger filed a brief, *pro se*, with this Court. In his Brief, Pittinger provided that with respect to his sentence credit challenge, "[c]ounsel has apparently assessed the mathematical calculations made by the [Board] and has deemed them to be correct. In light of this, I am withdrawing those particular points of argument." Pittinger's Brief at 1. Pittinger further provided that "I am requesting that mitigating circumstances, as mentioned in Administrative Review Appeal, which includes warranted time credit to be applied for times spent in facilities/programs where I was not "at liberty" and where under confinement, be considered, and have merit." *Id.*

5

A.2d 680, 683 (Pa. 1985) (holding that a parolee could be entitled to credit for time spent in a treatment program if the restrictions on his liberty while participating in the program were the "equivalent of incarceration") (hereinafter, *Cox* issue). To support his argument, Pittinger asserts, in part, that Harrisburg-CCC is a "locked facility with alarms, cameras, metal detectors at the doors and the staff consists of trained corrections officers employed by the Commonwealth of Pennsylvania." Pittinger's Brief at 2. Pittinger further asserts, in relevant part, that he was driven to ADAPPT in Reading for "an inpatient program" and that "[t]here was absolutely no leaving of this facility during this intensive inpatient program of approximately 90 days." *Id*. Upon review, we conclude that Pittinger waived this argument as he failed to raise it before the Board.

It is well settled that the failure to raise an issue before the Board results in a waiver of that issue and precludes this Court from review. 2 Pa.C.S. § 703(a) (providing that a "party may not raise upon appeal any . . . question not raised before the agency."); Pa.R.A.P. 1551(a) (providing that "[n]o question shall be heard or considered by the court which was not raised before the government unit"); *Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 364-65 (Pa. Cmwlth. 2015). This Court may only consider issues not raised before the Board if the issue involves questions concerning: (1) the validity of a statute; (2) the jurisdiction of the agency over the subject matter of the adjudication; or (3) issues that the Court believes that Pittinger could not have raised before the Board through the exercise of due diligence. Pa.R.A.P. 1551(a)(1)-(3); *Price*, 117 A.3d at 365.

In his administrative remedies form challenging the Board's August 2, 2017 decision recommitting him as a convicted parole violator and recalculating his maximum sentence date, Pittinger does not, in any way, mention that he sought

credit for time spent while at the Harrisburg-CCC or the ADAPPT program. C.R. 187. Because Pittinger did not raise the issue that his time spent at the Harrisburg-CCC or the ADAPPT program was the equivalent of incarceration, the Board did not schedule an evidentiary hearing to gather facts regarding the characteristics of these programs, which would allow for an appellate review of this issue. *See Cox*, 493 A.2d at 683 (explaining that the parolee has the burden to develop a factual record and persuade the Board that the program he attended was the "equivalent of incarceration"); *Harden v. Pa. Bd. of Prob. & Parole*, 980 A.2d 691, 693-94 (Pa. Cmwlth. 2009) (explaining that after the Board recommitted the parolee as a convicted parole violator and recalculated his maximum sentence date, the parolee appealed to the Board arguing that he should have received credit for time spent at a facility, and the Board subsequently conducted an evidentiary hearing on the matter). As addressed by Pittinger's Counsel in her no-merit letter, Pittinger waived his *Cox* argument, as he did not raise the issue before the Board and the record is "completely void of any substantive information regarding the programs . . . ." No-Merit Letter at 9-10.

Further, Pittinger does not present an exception to the waiver rule to enable this Court to consider this issue. Pittinger is not challenging the validity of the Prisons and Parole Code, 61 Pa.C.S. §§ 101-6309, or the jurisdiction of the Board. *See Price*, 117 A.3d at 365 (explaining that "the Board clearly has jurisdiction in parole matters to determine whether a parolee's new criminal conviction warrants recommitment and a recalculation of a maximum sentence date"). Additionally, Pittinger could have raised his *Cox* challenge to the Board when he filed his administrative remedies form as he had already participated in the Harrisburg-CCC and the ADAPPT program at that time and knew the Board was

7

not giving him credit for that time. Consequently, Pittinger has not properly preserved this issue for consideration on appeal and we cannot address it. *See id*.

Accordingly, Counsel's application for leave to withdraw is granted and we affirm the order of the Board.


_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Pittinger,                              :
                    Petitioner               :
                                             :
          v.                                 :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :        No. 799 C.D. 2018
                    Respondent               :


O R D E R


AND NOW, this 17th day of May, 2019, Michelle M. Alaskey, Esquire's, Application for Leave to Withdraw is GRANTED, and the May 11, 2018 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge